TEHAN *v.* FIRST NAT. BANK *et al.*

*(Circuit Court, N. D. New York.* August 16, 1889.)

REMOVAL OF CAUSES—FEDERAL QUESTION.

An action between a receiver of an insolvent national bank and a depositor, involving only the right of set-off of deposits against notes due by the depositor, does not present a federal question, under Rev. St. U. S. § 5242, avoiding preferences to creditors of such an insolvent bank.

Motion to Remand.

Action by William H. Tehan against the First National Bank of Auburn and Frank M. Hayes, receiver of said bank, to have certain indebtedness due plaintiff as administrator, by said bank, applied to the payment of notes held by the bank against him. It was removed from the supreme court of New York by defendants on the ground that a federal question was involved, it being contended that Rev. St. U. S. §§ 5234, 5236, 5242, were drawn in question. These sections refer to the appointment by the comptroller of the treasury of a receiver to take possession and administer the assets of an insolvent national bank, and the distribution of the funds among the creditors. They also avoid all transfers and assignments, etc., made by the bank with a view of preferring creditors.

*Frederic E. Storke* and *Sereno E. Payne,* for plaintiff.

*Bacon, Briggs & Beckley* and *John N. Beckley,* for defendant Hayes.

COXE, J. This action was commenced in the supreme court of the state of New York. It was removed to this court upon the theory that a federal question is involved. The plaintiff, as administrator of the estate of Eliza Tehan, had at various times deposited in the First National Bank of Auburn the sum of $2,279, for which he held certificates of deposit, payable to him in his official capacity, at the time the bank closed its doors. The bank was also indebted to him individually, as a depositor, in the sum of $40. At the time of its failure the bank held the plaintiff's notes for $5,500, upon all of which paper he was individually liable, and upon $2,000 of which his name also appeared as administrator. The plaintiff contends that the amount of the deposits due him should be applied *pro tanto* upon the notes. The receiver, on the contrary, insists that the plaintiff should pay the amount of the notes in full, and receive the ordinary dividends upon the certificates. The nature of the controversy is thus concisely stated in the brief submitted by the defendants:

"The controlling question upon the trial must be whether this plaintiff as an individual is entitled to an off-set on account of trust moneys deposited with the bank."

It is expressly conceded by the defendants that, unless the determination of this controversy involves a federal question, the suit must be remanded. No other ground of jurisdiction is asserted. As thus stated,

it would seem clear that the action is not one "arising under the constitution or laws of the United States," but one involving a simple question of set-off, to be determined according to the general principles of law. · *Platt* v. *Bentley*, 11 Amer. Law Reg. 171; *Colt* v. *Brown*, 12 Gray, 233; *Tartter's Case*, 54 How. Pr. 385. The correct decision of this question does not, it would seem, depend upon the construction of any law of the United States. *Gold Washing Co.* v. *Keyes*, 96 U. S. 199; *Railroad Co.* v. *Railroad Co.*, 26 Fed. Rep. 477. The sections of the national bank act referred to in the petition of removal (sections 5234, 5236, 5242, Rev. St.) are not involved in this controversy in the sense intended by the statute authorizing removals. It is contended that the plaintiff's proceeding is in contravention of section 5242, which prohibits preferences to creditors. There can be no dispute as to the scope and meaning of this section, but the plaintiff maintains that he is not a creditor at all, but a debtor to the bank for the balance between the certificates and the notes. Should this question be determined against him he will, of course, receive his dividends precisely as other creditors. It is not easy to see how there is any infraction of the section referred to, or how its terms are in any manner drawn in question by a proceeding, the object of which is to ascertain, upon a given state of facts, whether the plaintiff's debt to the bank should be reduced by deducting therefrom the amount of the bank's debt to him as administrator. It is not the case of a creditor who obtains a preference subsequent to the failure of the bank or in contemplation of insolvency. No fraud, actual or constructive, is charged in the answer. The object of the suit is to have a balance struck, and the legal *status* of the account declared as of the date when the bank suspended payment. The fact that the bank in question was a national bank does not at all affect the jurisdiction. Act March 3, 1887, § 4. The nature of the action is the same as if the defendant Hayes were the receiver of a state bank, or of an individual. The action involves a simple question of set-off, and is not one arising under the laws of the United States. The motion to remand is granted.