## GRANT *v.* SPOKANE NAT. BANK *et al.*

*(Circuit Court, D. Washington, E. D.* September 5, 1891.)

1. **NATIONAL BANKS—RECEIVERS—ACTIONS AGAINST—PARTIES.**
    In an action to secure the application of part of the funds in the hands of a receiver of a national bank, appointed by the comptroller of the currency, in satisfaction of plaintiff's claim against the insolvent bank for money received by it as collecting agent, the bank is only a nominal party, for the receiver is the one to be held accountable for any unauthorized disposition of the money sued for.

2. **SAME—JURISDICTION OF FEDERAL COURTS.**
    Since the object of the suit is to control the official conduct of the receiver, appointed under the authority of the national banking laws, and his defense must rest on the interpretation of those laws, the case is within the jurisdiction of the federal circuit court, as being one "arising under the * * * laws of the United States."

In Equity. Motion to remand to state court.

*J. C. McKinstry,* for plaintiff.

*P. H. Winston* and *H. M. Herman,* for defendants.

HANFORD, J. The object of this suit is to control the official conduct of the receiver of a national bank appointed by a comptroller of the currency, and acting under authority of the national banking laws, in so far as to secure a particular application of a portion of the funds in his official custody in satisfaction of a claim of the plaintiff against the insolvent bank for money received by it as a collecting agent. I hold that the bank is only a nominal party. The receiver must defend, as he is the one who will be held accountable for any unlawful or unauthorized application or disposition of the money which the plaintiff is endeavoring to secure; and his defense must rest upon a just interpretation of the laws of the United States, for, as he holds his office under national authority, his conduct must be regulated by the national laws. From the premises, and upon principles supported by the highest authority, the conclusion necessarily follows that the suit is one of which a circuit court of the United States is invested with jurisdiction by the clause of the act giving jurisdiction of suits of a civil nature "arising under the * * * laws of the United States." *Armstrong* v. *Ettleschn,* 36 Fed. Rep. 209; *Armstrong* v. *Trautman,* Id. 275; *McConville* v. *Gilmour,* Id. 277; *Sowles* v. *Witters,* 43 Fed. Rep. 700; *Tennessee* v. *Davis,* 100 U. S. 257–264; *Railroad Co.* v. *Mississippi,* 102 U. S. 135–141; *Feibelman* v. *Packard,* 109 U. S. 421–423, 3 Sup. Ct. Rep. 289; *Removal Cases,* 115 U. S. 11, 5 Sup. Ct. Rep. 1113; *Bachrack* v. *Norton,* 132 U. S. 337, 10 Sup. Ct. Rep. 106; *Reagan* v. *Aiken,* 138 U. S. 109, 11 Sup. Ct. Rep. 283; *Bock* v. *Perkins,* 139 U. S. 630, 11 Sup. Ct. Rep. 677. It is my opinion, therefore, that this case was lawfully removed to this court from the superior court of Spokane county, in which it was commenced, and the plaintiff's motion to remand will be denied.