## AUBURN SAV. BANK v. HAYES.

(Circuit Court, N. D. New York. May 17, 1894.)

INSOLVENT NATIONAL BANK—PREFERENCE OF SAVINGS BANK—FEDERAL QUESTION.

The question whether a savings bank should be paid in full by an insolvent national bank, pursuant to the state law (Laws N. Y. 1882, c. 409, § 282; Bank v. Davis, 26 N. Y. Supp. 200, 73 Hun. 357), or pro rata, as provided by the Revised Statutes (sections 5236, 5242), *held*, upon a motion to remand, to be a controversy "arising under the laws of the United States." Tehan v. Bank, 39 Fed. 577, distinguished.

This was an action by the Auburn Savings Bank against Frank N. Hayes, as receiver, etc., originally commenced in a state court. The plaintiff now moves to remand.

Underwood & Storke, for the motion.

Bacon, Briggs, Beckley & Bissell, opposed.

COXE, District Judge. The plaintiff is a savings bank and had a deposit of $19,700 in the First National Bank of Auburn at the date of its suspension. This action was commenced in the supreme court of New York to recover the balance due upon said deposit after all dividends have been paid. The defendant, who is receiver of the insolvent bank, removed the action to this court. The plaintiff now moves to remand.

Section 282, c. 409, Laws N. Y. 1882, gives a preference to savings banks having deposits in insolvent banks. The state court has decided that this law, as re-enacted, is applicable to national banks. Bank v. Davis, 73 Hun, 357, 26 N. Y. Supp. 200. Section 5236 of the United States Revised Statutes provides for the payment of ratable dividends to the creditors of insolvent national banks on all

claims properly proved or adjudicated, and section 5242 prohibits preferences. The question, then, is whether the plaintiff shall be paid in full pursuant to the state law, or pro rata as provided by the sections of the Revised Statutes referred to. This, it seems to me, is a controversy "arising under the laws of the United States." Were it not for the state law, the plaintiff would, of course, be paid ratably with the other creditors. Whether or not the state can legislate in this manner with reference to national banks is a question which the federal courts and not the state courts should decide. To give the state courts sole jurisdiction to determine whether state legislation is in conflict with the national bank act would, to say the least, tend to throw the national system into confusion. The doctrine of Tehan v. Bank, 39 Fed. 577, is hardly applicable to the present cause. In the Tehan Case there was no federal question because the rule of the common law applicable to that controversy was controlling alike upon the state and United States courts. Here on the contrary the construction of a United States statute is involved. The plaintiff may be right as to the interpretation of this statute, but that its construction is involved there can be no doubt. Whatever defense the defendant has depends upon the sections referred to. The question presented by this motion is not what the construction of these sections should be, but whether the state courts or the United States courts should construe them. I am of the opinion that this power belongs to the United States courts. Sowles v. Witters, 43 Fed. 700; Grant v. Bank, 47 Fed. 673; Walker v. Richards, 55 Fed. 129. The motion is denied.