## JEWETT v. WHITCOMB et al.

(Circuit Court, E. D. Wisconsin. July 30, 1895.)

REMOVAL OF CAUSES—SUITS AGAINST RECEIVERS OF FEDERAL COURTS.

A suit against a receiver appointed by a federal court for a cause arising out of his management of the property committed to his charge is one arising under the laws of the United States, and may be removed from a state to a federal court, without regard to the citizenship of the parties or the nature of the controversy.

This was an action by Jennie M. Jewett, as administratrix, against H. F. Whitcomb and Howard Morris, as receivers of the Wisconsin Central Company and the Wisconsin Central Railroad Company, to recover damages for the death of the plaintiff's intestate.

Hooper & Hooper, for plaintiff.

Thomas H. Gill, for defendants.

SEAMAN, District Judge. This action was commenced in the circuit court for Winnebago county upon a complaint which alleges that negligence on the part of the defendants in the operation of the railway committed to their control produced the death of plaintiff's intestate, and that the control and possession of such railway by the defendants was derived through their appointment as "receivers of the Wisconsin Central Company and the Wisconsin Central Railroad Company [they being railroad corporations organized and existing under the laws of the state of Wisconsin] by the circuit court of the United States for the Eastern district of Wisconsin in an action then pending in said court." Upon petition of the receivers, duly presented, the cause was removed to this court and docketed. The plaintiff now moves to remand, and, as diverse citizenship of the parties does not exist, the question arises whether the fact that the defendants were appointed receivers by a federal court, taken with the further fact that their liability is charged solely in that capacity, confers a right of removal to federal jurisdiction.

In Railway Co. v. Cox, 145 U. S. 593, 603, 12 Sup. Ct. 905, the unanimous opinion of the supreme court is expressed, through the chief justice, in respect of a similar action against receivers so appointed, in the following language:

"As jurisdiction without leave is maintainable through the act of congress, and as the receivers became such by reason of, and derived their authority from, and operated the road in obedience to, the orders of the circuit court, in the exercise of its judicial powers, we hold that jurisdiction existed because the suit was one arising under the constitution and laws of the United States; and this is in harmony with previous decisions. Buck v. Colbath, 3 Wall. 334; Feibelman v. Packard, 109 U. S. 421, 3 Sup. Ct. 289; Bock v. Perkins, 139 U. S. 628, 11 Sup. Ct. 677."

While it is true that in that case the receivership was over the property of a company incorporated by congress, the decision is expressly placed upon the broad ground that the receivers were acting under appointment by the federal court, and the precedents

cited are only applicable to that view. That it was so understood and intended by the court appears in Tennessee v. Bank of Commerce, 152 U. S. 454, 463, 472, 14 Sup. Ct. 654, where an interpretation is given in each of the opinions. Mr. Justice Gray, in the opinion of the court, referring to Railway Co. v. Cox, says:

"This court, speaking by the chief justice, after observing that the corporation would have been entitled, under the act of 1875, to remove a suit brought against it in a state court, maintained the jurisdiction of the circuit court of the United States of the action against the receivers, under the act of 1887, upon the ground that the right to sue, without the leave of the court which appointed them, receivers appointed by a court of the United States, was conferred by section 6 of that act, and therefore the suit was one arising under the constitution and laws of the United States."

And Mr. Justice Harlan, in the dissenting opinion, states as the ruling in that case:

"Without reference to the citizenship of the plaintiff, a suit for damages can be brought in a circuit court of the United States against receivers appointed by a circuit court of the United States of a railroad corporation created by an act of congress, although the case involves no question of a federal nature. This upon the ground that the receivers, in executing their duties, were acting under judicial authority derived from the constitution of the United States. Such a suit, if brought in a state court, could, I take it, be removed, under the present decision, upon the ground simply that the plaintiff's suit was within the original cognizance of the circuit court."

Again, in McNulta v. Lochridge, 141 U. S. 327, 331, 12 Sup. Ct. 11, it is held that the supreme court has jurisdiction to review the final judgment of a state court against the receiver for an injury arising out of alleged negligence in operating a railroad under the receivership, because he "was exercising an authority as receiver under an order of the federal court," and it was immaterial whether his claim of error "be founded upon the statute or upon principles of general jurisprudence"; that "this is a legitimate deduction from the opinion of this court in Buck v. Colbath, 3 Wall. 334," and other kindred citations.

The doctrine pronounced by these opinions, and their application of the precedents cited, must rule this case. The defendants are sued, as receivers appointed by a United States court, for the conduct of those engaged in the operation of the railroad in the hands of the court, committed to their charge as its officers, and subject to its exclusive direction and control. The liability with which they are charged is one arising wholly out of their management of the property intrusted to them, and is incurred through their appointment to and acceptance of the trust. Federal cognizance is conferred by these conditions, irrespective of any question of citizenship or of a nature peculiar to that jurisdiction, and the right of removal thereto follows as of course. This is the view held in Central Trust Co. of New York v. East Tennessee, V. & G. Ry. Co., 59 Fed. 523; Hurst v. Cobb, 61 Fed. 1; and Grant v. Bank, 47 Fed. 673. The motion to remand must be denied.