## Getty v. First National Bank of New Wilmington

*William McElwee, Jr.*, for plaintiff; *W. J. Baer*, for defendant.

HILDEBRAND, P. J., July 24, 1933—In an action of replevin the defendant moved to quash the writ. A rule having been issued upon this motion, the plaintiff presented her motion to strike off the motion to quash, together with the rule issued thereon. Both motions have since been argued before the court in banc.

The motion to quash avers that this court is without jurisdiction in the case, for the reason that the defendant bank is a National bank and that said bank has been, since March 20, 1933, in the hands of C. B. Cloak, conservator, he being duly commissioned by the Government of the United States of America under the emergency power granted by the seventy-third session of the Congress of the United States, the said Government of the United States having sole jurisdiction over the affairs of the bank, and this court, being a State court, having no jurisdiction because such jurisdiction has never been granted by the Congress of the United States. It is further averred that there has been no valid service of the writ on the defendant in the case. This latter reason we disregard, for the reason that no return has as yet been made, and the writ is not returnable until the first Monday of August 1933.

Argument of the defendants' counsel has been confined to the contention that, the defendant bank being a National bank and the conservator having received his appointment from the Comptroller of Currency of the United States, this court, being a State court, has no jurisdiction. There have been cited no cases which, in our opinion, sustain this contention, and counsel's argument has failed to convince us that the position taken is sound. The cases cited by plaintiff's counsel, on the other hand, clearly show the court's jurisdiction.

We are not now concerned with the facts relating to the ownership of the subject of the suit. For the purposes of the motions before us, the defendants have conceded the averments of fact contained in the pleadings and the fair inferences to be drawn therefrom to be true: 6 C. J. 453.

We doubt very much whether the question of jurisdiction may be properly raised on a motion to quash. It is the general rule that, to support a motion to quash, the applicant must point to some defect in the record which renders the proceeding fundamentally irregular and void: Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468, 477; South Central B. & L. Assn. v. Milani et ux., 300 Pa. 250, 254. However, the question of jurisdiction having been raised and submitted, we shall make disposition of it.

Section 256 of the Federal Judicial Code (28 U. S. C. § 371) designates eight classes of cases in which the jurisdiction of the United States courts shall be exclusive. This case does not appear to come within any of these classes, and there is no contention on the part of the defendant that it does.

It has been held by the United States Supreme Court that State courts have concurrent jurisdiction with Federal courts, unless jurisdiction has been restricted to Federal courts by acts of Congress: Claflin v. Houseman, Assignee, 93 U. S. 130; Grubb v. Public Utilities Commission of Ohio et al., 281 U. S. 470. There is no contention here that jurisdiction has been restricted and one argument of defendants' counsel is directly answered by the language used in the former case, as follows (p. 137):

"The fact that a State court derives its existence and functions from the State laws is no reason why it should not afford relief; because it is subject also to the laws of the United States, and is just as much bound to recognize these as operative within the State as it is to recognize the State laws."

In the latter case the court, by Mr. Justice Van Devanter, said:

"The state and federal courts have concurrent jurisdiction of suits of a civil nature arising under the Constitution and laws of the United States, save in exceptional instances where the jurisdiction has been restricted by Congress to the federal courts."

It was similarly held in Bletz v. Columbia National Bank, 87 Pa. 87, where the jurisdiction of the State court was called in question in a cause of action based upon an act of Congress. In the present case the action arises not out of a Federal law but out of a State law, jurisdiction being questioned merely because the bank is the creature of a Federal statute and the conservator derives his powers from an officer of the Federal Government.

It was expressly held in Tehan v. First National Bank et al., 39 Fed. 577, that the fact that the bank in question is a National bank "does not at all affect the jurisdiction".

The Bank Conservation Act of March 9, 1933, 48 Stat. at L. 2, 12 USC § 201, under which it appears the conservator was appointed, provides in section 203 that he shall have "all the rights, powers, and privileges now possessed by or hereafter given receivers of insolvent national banks and shall be subject to the obligations and penalties, not inconsistent with the provisions of this title, to which receivers are now or may hereafter become subject. During the time that such conservator remains in possession of such bank, the rights of all parties with respect thereto shall, subject to the other provisions of this subchapter, be the same as if a receiver had been appointed therefor."

A conservator, being the appointee of the Comptroller of Currency, is not an officer of any Federal court. The affairs of the defendant bank are not in charge of any Federal court. This is not then a case of a State court's interference with matters already under the jurisdiction of a Federal court.

"The receiver of a national bank appointed by the comptroller is his officer, not an officer of the court, nor are its assets while in his hands in custodia legis (In Re Chetwood, 165 U. S. 443, 458, 17 S. Ct. 385, 41 L. Ed. 782); they do not become such by an order confirming a composition of debts made by him": Hulse v. Argetsinger et al., 18 F. (2d) 944.

A case very similar to the present case is that of Corn Exchange Bank of Chicago v. Blye, Receiver, 101 N. Y. 303. The receiver was appointed by the Comptroller of the Currency. An action of replevin was brought against him in a State court. The language of the court in that case, applicable here, is as follows (p. 306):

"The receiver, by his appointment, acquires no right to property in the custody of the bank which the latter does not own, as against the real owner; and the section in question was plainly not intended to protect the receiver's custody as against such owner. It aims to protect the property of the bank in his hands, and not to give him arbitrary control of what the bank does not own. . . . There is no collision of jurisdictions. The authority of the Federal courts over the assets and the right of its officer to hold them is not questioned or invaded. No property over which those courts have obtained jurisdiction is interfered with. What is sought to be recovered is property over which they have obtained no jurisdiction, and as to which they have conferred no right upon him".

Our conclusion, that this court has jurisdiction of the case and that no valid reason has been assigned for quashing the writ of replevin, would warrant our making absolute the rule issued upon plaintiff's motion to strike off the motion to quash. The same end may be attained, however, by discharging the rule issued upon defendants' motion to quash the writ and this we shall do.

*Order*

Now, July 24, 1933, the rule issued June 29, 1933, defendant's motion to quash the writ of replevin is discharged and the motion dismissed, and the sheriff is directed to proceed with service of the writ if same has not already been served.