## Commonwealth v. Schultz

*Herbert J. Johnson, Jr.*, for Commonwealth.

*Joseph C. Barber*, for defendant.

EVANS, P. J., June 26, 1956.—We have here for consideration a motion to quash an indictment in the above entitled case.

A true bill was returned on an indictment for possession of coining tools. The supporting evidence for the charge came from testimony of city policemen that

in defendant's home was found equipment consisting of section of quarters, imprints of quarters, molds and melted metal, being all that was necessary for conducting a counterfeiting coin operation. Under the Pennsylvania Act of Assembly enacted June 24, 1939, P. L. 872, 18 PS §5006, if guilty knowledge or intent exists, this constitutes a felony.

Defendant contends under the authority of Commonwealth v. Nelson, 348 U. S. 814, and 377 Pa. 58, that the operation of the Pennsylvania statute is suspended by the supersession of the Federal Act of June 25, 1948, c. 645, 18 U. S. C. 486, 62 Stat. at L. 709. It is not necessary that we resort to the reasoning in the Nelson case, which held that The Penal Code adopted June 24, 1939, P. L. 872, section 207, 18 PS §4207, was inferentially superseded by the Federal Act of June 25, 1948, supra, because the subject matter here involved has been passed upon by the United States Supreme Court in Fox v. Ohio, 46 U. S. 410.

There is dearth of authority in the State of Pennsylvania for the reason that the Federal Government has assiduously functioned to detect and prosecute violators of Federal counterfeiting statutes. The power of the Federal Government to coin money and regulate the value thereof, of necessity as an incidental power, includes the right to prosecute anyone who through counterfeiting attempts to place in circulation paper or coin imitations in order to perpetrate fraud by the circulation and use thereof. The Federal Act of June 25, 1948, 18 U. S. C., §§488 and 489, provides for punishment in the Federal courts for the offense here charged.

In Fox v. Ohio, supra, the majority opinion on a prior but similar Federal act on the subject of counterfeiting distinguished the offense of producing a false representation of a government coin and the passing of it. The creation of the coin was held to be an offense

directly against the government. The passing of such coin was held to be a private wrong in which the government may be remotely interested but not to the extent that it may prevent the States from enacting a statute against the passing of such spurious coins to the detriment of its citizens. In the dissenting opinion it was concluded that in either case the Federal Government had exclusive control.

Here it must be noted that the only charge is that paraphernalia for counterfeiting was found in the possession of defendant. In Commonwealth ex rel. v. Dale, 3 Pa. C. C. 30, the court held that the Pennsylvania Act of Assembly of January 7, 1867, P. L. 1369, enacted to punish frauds upon the National currency, insofar as it undertook to confer jurisdiction upon the State courts, was unconstitutional and void. In Bletz v. Columbia National Bank, 87 Pa. 87, in an opinion written by Chief Justice Agnew, it was held that civil rights and remedies arising from the use of forged or counterfeited currency may be adjudicated in the State courts, but in referring to the Pennsylvania enactments on counterfeiting then in force concluded: "In view of Fox v. Ohio and other cases, there may be a doubt whether the provisions against making and debasing these coins can be sustained as to the question of jurisdiction."

We are of the opinion that under the facts in this case the jurisdiction of the Federal courts to prosecute for possession of counterfeiting equipment intended to be used to manufacture spurious coins is exclusive and that the Pennsylvania Act of June 24, 1939, supra, insofar as it attempts to give concurrent jurisdiction, is superseded by Federal legislation and to that extent is unconstitutional and inoperative.

And now, to wit, June 26, 1956, the motion to quash indictment in the above entitled case is made absolute and the indictment is quashed.