### HUKILL v. CHESAPEAKE & O. RY. CO.

(Circuit Court, D. Kentucky. January 7, 1895.)

REMOVAL OF CAUSES—TIME OF APPLICATION—DELAY CAUSED BY FRAUDULENT JOINDER OF DEFENDANTS.

Where plaintiff joins, with a nonresident defendant, resident codefendants, in a joint action for a tort, solely to prevent a removal to the United

States court, and, after the time for removal is passed, dismisses the resident defendants, the case may then be removed, since all the indispensable elements to federal jurisdiction are present, and plaintiff is estopped by his conduct from raising the objection that the removal is not within the prescribed time.

Action by Eugene Hukill, administrator of L. A. Hukill, deceased, against the Chesapeake & Ohio Railway Company, for the death of plaintiff's intestate, commenced in the state court of Kentucky, and removed by defendant to the circuit court of the United States. Plaintiff moves to remand. Motion denied.

This is a motion to remand. On May 16, 1894, Eugene Hukill, as administrator of L. A. Hukill, deceased, filed his petition against the Maysville & Big Sandy Railroad Company, the Chesapeake & Ohio Railway Company, C. E. Acra, George W. Shumate, Henry Thien, and John Schappart. The petition averred that the Maysville & Big Sandy Railroad Company owned a railroad extending into the city of Covington, Ky.; that this road was leased by the Chesapeake & Ohio Railway Company without legislative or other authority, and that the Chesapeake & Ohio Railway Company was operating the road at the time the death of the plaintiff's intestate occurred; that the plaintiff's intestate was in the employ of the Chesapeake & Ohio Railway Company, as one of the crew of a switching locomotive engine in the yard of the company at Covington; that, while engaged in operating a train of cars in the yard of the said company, he was struck by a board projecting from the roof of a car upon another train of the said company, which, through the gross and wanton negligence of all the defendants, had been permitted to project in such a way as to make it very dangerous; that the plaintiff's intestate was thereby thrown under the train of cars upon which he was, and was run over, and soon after died from the injuries thus received; that the projecting board was part of the roof of the car from which it projected, and that all the defendants, with joint, gross, and wanton negligence, permitted the defect in the car to remain; that the defendants Acra, Shumate, Thien, and Schappart were at all times in said railroad yard, and were servants of the Chesapeake & Ohio Railway Company, and were employed by it as car inspectors and repairers; that they had inspected the car before the accident to the deceased, but, through their joint, gross, and wanton negligence, had failed to repair the same. The cases were set for hearing in the town of Independence, in the county of Kenton, Ky. All the defendants, except the Maysville & Big Sandy Railroad Company, moved to transfer the cause to Covington. Before the motion was ruled upon, the plaintiff, of his own motion, discontinued the action, as against all the defendants but the Chesapeake & Ohio Railway Company. The demurrer and motion to transfer to Covington were then each overruled. The defendant the Chesapeake & Ohio Railway Company thereupon filed a petition and tendered a bond for the removal to the circuit court of the United States, at Covington. The court declined to grant the removal or accept any bond, but not for any lack of sufficiency thereof. To this ruling the defendant excepted. The petition for removal was in the words following: "Your petitioner, the Chesapeake & Ohio Railway Company, shows that it is the defendant in the above suit; that the matter and amount in dispute in the above-entitled action, exclusive of interest and costs, exceed the sum or value of two thousand ($2,000) dollars; that the said suit is a civil action, to recover the sum of ——— dollars, seeking to recover damages for wrongfully causing the death of L. A. Hukill, at Covington, Kentucky, on or about the ——— day of ———, by reason of allowing a defect in a certain car in the custody of the Chesapeake & Ohio Railway Company, by which said L. A. Hukill was struck and knocked from a car upon which he was riding, and was thereby killed; that there is in said suit a controversy wholly between citizens of different states, and which can be fully determined as between them, to wit, between your petitioner, the Chesapeake & Ohio Railway Company, the defendant in said suit, who says that it was at the commencement of this suit, and still is, a corporation organized under the laws of the states of Virginia and West Virginia, and of no other state, and that it was then, and still is, a citizen and resident of the states of Virginia and

West Virginia, and of no other state; that it was not then, and is not now, either a resident or citizen of the state of Kentucky,—and the plaintiff, L. A. Hukill's administrator, Eugene Hukill, was at the commencement of this suit, and still is, a resident and citizen of the state of Kentucky. Your petitioner further says that in the bringing of this suit heretofore, on the —— day of ——, 189-, C. E. Acra, George W. Shumate, Henry Thien, John Schappart, and the Maysville & Big Sandy Railroad Company were fraudulently and improperly joined as parties defendant in the above-entitled cause, for the sole purpose of defeating the right of your petitioner to a removal of this cause to the circuit court of the United States; that because of the joinder of said C. E. Acra, George W. Shumate, Henry Thien, John Schappart, and the Maysville & Big Sandy Railroad Company, said cause was not heretofore removed to the circuit court of the United States within the time originally allowed by law; and that the aforesaid parties, on the 16th day of October, 1894, were dismissed, and said cause is now pending for the first time as to the said Chesapeake & Ohio Railroad Company alone. And your petitioner offers herewith a bond, with good and sufficient surety, conditioned according to law, for its entering in the circuit court of the United States for the district of Kentucky, being the proper district, on the first day of its next session, a copy of the records in this suit, and for paying all costs that may be awarded by said court if said court shall hold that this suit is wrongfully and improperly removed thereto; and your petitioner prays this honorable court to proceed no further herein, except to make the order of removal required by law, and to accept such surety bond, and to cause the record herein to be removed to the said circuit court of the United States for the district of Kentucky, and he will ever pray."

At the next term of this court after the petition for removal was filed in the state court, a transcript of the record was filed in this court; and a motion has now been made to remand the case, by the plaintiff, on the ground that the petition for removal was not filed within the time required by statute. The answer day fixed by the Kentucky law is admitted to be 20 days after the filing of the petition, and it is conceded by the petition for removal itself that the petition was not filed within this time. Plaintiff filed an answer to the petition for removal, denying that there is a controversy wholly between citizens of different states, and denying that the other defendants were fraudulently joined with the Chesapeake & Ohio Railway Company to prevent its removal of the case to this court. Affidavits have been filed by defendant in support of his petition for removal, showing that the Chesapeake & Ohio Railway Company is, and always has been, a citizen of Virginia and West Virginia, and not of Kentucky, and that the plaintiff and the other defendants were citizens of Kentucky when suit was brought. The affidavits also set forth a part of the speech of plaintiff's counsel made to the jury in the trial in the state court, in which he, in effect, stated that the reason for his joinder and dismissal of the resident defendants was to avoid a trial in this court.

Wm. Goebel, for plaintiff.

Wm. H. Jackson, for defendant.

Before TAFT, Circuit Judge, and BARR, District Judge.

TAFT, Circuit Judge (after stating the facts). In the case of Powers v. Railway Co. (just decided) 65 Fed. 129, we have had occasion to consider much the same question which is here presented. We have no doubt whatever that the sole purpose of plaintiff and his counsel in joining the other defendants with the Chesapeake & Ohio Railway Company was to defeat the latter's right to remove the case to this court. The statement of counsel to the jury was in effect an admission that such had been his purpose in the joinder, and that, having served that purpose, he had dismissed them. It is attempted to explain the dismissal of the defendants

by referring it to a desire of plaintiff to avoid a transfer of trial from Independence to Covington, by dismissing those defendants who claimed to have the right to insist on it, although such right is not even now conceded by plaintiff's counsel. This would hardly explain the dismissal of the Maysville & Big Sandy Railroad Company, which did not ask a transfer. But even the explanation offered shows a juggling with the names of resident defendants to enable the plaintiff to select that forum deemed most favorable for his interest, without any bona fide intention of securing judgment against the persons whose names were thus used. We have no difficulty whatever in finding that the joinder of the resident defendants was without any bona fide intention of taking judgment against them, but was solely to prevent removal to the federal court, and that their subsequent dismissal before trial was in accordance with the original plan and device. The petition for removal states the indispensable jurisdictional facts as to diverse citizenship and amount in controversy; and, on the point of time of removal, it avers that the five defendants other than the Chesapeake & Ohio Railway Company were fraudulently and improperly joined as defendants to prevent the removal of the case to this court by the Chesapeake & Ohio Railway Company; that the presence of these defendants did prevent such removal within the statutory time; that they have now been dismissed, and the cause is now pending for the first time against the Chesapeake & Ohio Railway Company alone. There is no averment that the defendants who were fraudulently joined were citizens of Kentucky, but this is a necessary inference from the statement that the cause was not removed because they were joined as defendants. The fact that they were citizens of Kentucky has now been established by affidavit. The petition for removal does not, in terms, plead an estoppel against the plaintiff on the question of the time of its filing, but it states facts on which such a plea may rest, and is therefore sufficient.

The averment of the petition for removal that the joinder of the resident defendants prevented removal is borne out by an examination of the plaintiff's petition. A joint cause of action is stated against all the defendants. The averment that the Maysville & Big Sandy Railroad Company had leased the railroad on which the injury happened, without statutory or other authority, would seem to make it jointly liable with the Chesapeake & Ohio Railway for torts inflicted in the operation of the road. Arrowsmith v. Railway Co., 57 Fed. 165. The averment against the other defendants is that the injury was the direct result of their wanton negligence, in not properly repairing the roof of the car, by the defective condition of which the injury happened. Had an attempt been made to remove the cause to the federal court within the statutory time, it must then have resulted, as did such an attempt in the Powers Case, in an order remanding it to the state court. The defendant was not required to do a vain thing, and therefore can be in no worse condition because he did not file a petition for removal when it must have been denied.

We have already decided, in the Powers Case, that where a plaintiff joins, with a nonresident defendant, resident codefendants, in a joint action for a tort, solely to prevent a removal to the United States court, and, after the time for such removal is passed, dismisses all but the nonresident defendant, the case is then removable to the United States court, because all the indispensable elements to federal jurisdiction are present, and the objection as to time is removed by the conduct of the plaintiff, which disables him from taking advantage of the delay which he purposely caused. Applying this principle to the case before us, the removal must be sustained, and the motion to remand be overruled.