## COOKERLY v. GREAT NORTHERN RY. CO. et al.

(Circuit Court, D. Washington, E. D. October 23, 1895.)

1. PRACTICE—NONSUIT AS TO ONE OF TWO DEFENDANTS—ELECTION.

An action was commenced in a court of the state of Washington, by a citizen of that state, against the N. Co., a Minnesota corporation, and M. & G., citizens of Washington. On the trial, a motion for nonsuit as against M. & G. was granted, and, on plaintiff's motion for leave to file an amended complaint against both defendants, leave was given to file such complaint as against the N. Co., which it was required to answer within a time fixed. Plaintiff filed an amended complaint against the N. Co. Before the expiration of the time to answer the same, the N. Co. filed a petition and bond for the removal of the cause to the federal court, on the ground of diverse citizenship. Plaintiff afterwards took a writ of error to reverse the judgment of nonsuit as against M. & G. *Held* that, by filing the amended complaint against the N. Co. only, plaintiff had elected to discontinue his action as against M. & G.

2. REMOVAL OF CAUSES—TIME OF APPLICATION.

*Held*, further, that the N. Co.'s application to remove the cause was made in time, having been presented as soon as the disability imposed on it by the plaintiff's joining M. & G. was removed.

This was an action commenced by John W. Cookerly, as adminis-
trator of James Wright, deceased, against the Great Northern Rail-
way Company and others, in a court of the state of Washington.
The defendant the Great Northern Railway Company removed the
cause to this court.   Plaintiff moved to remand.

Plummer & Thayer, for plaintiff.
Jay H. Adams, for defendants.

HANFORD, District Judge.   The plaintiff, as administrator of the
estate of a workman, who was killed by an accident in connection
with the construction of the line of railway in this state known as
the Great Northern Railway, brought this action against the Great
Northern Railway Company, the firm of Shepard, Seims & Co., and
the firm of McKenzie & Glenn, to recover damages for the wrong
done to the deceased in causing his death by negligence.   The action
was commenced in the superior court of the state of Washington for
Spokane county.   The summons was not served upon Shepard, Seims
& Co., who are nonresidents of this state, and they have never been
brought within the jurisdiction, nor appeared in the action.   The
other defendants appeared, and joined issue by denying their liability.
The plaintiff and McKenzie & Glenn are all citizens of the state of
Washington.   The Great Northern Railway Company is incorporat-
ed under the laws of Minnesota, and is a citizen of that state.   The
cause was brought to trial in the superior court of Spokane county,
and, after the plaintiff's evidence had all been introduced, separate
motions for a judgment of nonsuit were made by the Great Northern
Railway Company and by McKenzie & Glenn.   The record shows
that the court sustained the motion for a nonsuit made by McKenzie
& Glenn, and that, pending consideration of the motion on behalf of
the Great Northern Railway Company, plaintiff's counsel presented
an amended complaint against all of the original defendants, and
asked for leave to file the same; that the court made an order grant-
ing leave to file said amended complaint against the Great Northern
Railway Company, but not against McKenzie & Glenn; and that the
plaintiff thereupon did file said amended complaint, and a judgment
was then rendered, dismissing the action as against McKenzie &
Glenn, and at the same time the court made an order requiring the
plaintiff to pay all costs up to date, and requiring the Great Northern
Railway Company to answer said amended complaint on or before
a specified date.   Within the time allowed for the railway company
to answer said amended complaint, said defendant filed a petition
and bond to remove the action into this court, alleging as ground for
removal that the action involved a controversy between citizens of
different states, the plaintiff being a citizen of the state of Washing-
ton, and said defendant a citizen of Minnesota.   An order was made,
granting said petition, and a transcript of the record has been filed
in this court, and the cause docketed.   After said removal proceed-
ings, the plaintiff took a writ of error to reverse the judgment of the
superior court dismissing the action as to McKenzie & Glenn.   The
plaintiff now denies the jurisdiction of this court, and asks to have

the case remanded to the superior court of Spokane county, because the action is still pending against McKenzie & Glenn, and therefore not removable on the petition of only one of the defendants, and because the petition was filed too late.

I hold that by filing the amended complaint pursuant to the order granting leave to file the same against the Great Northern Railway Company, and not against McKenzie & Glenn, the plaintiff elected to discontinue his action against McKenzie & Glenn, and to sue the Great Northern Railway Company separately. By such exercise of the right of election the Great Northern Railway Company became at once freed from the embarrassment of being associated with McKenzie & Glenn as codefendants, which association constituted the only barrier in the way of removing the case into this court. The Great Northern Railway Company having been prevented from exercising its right of removal at an earlier stage of the proceedings, by the disability imposed upon it by the plaintiff in joining McKenzie & Glenn as codefendants, I hold that its petition for removal was in time, it being in fact presented to the superior court before the expiration of the time limited for answering the amended complaint.

This case comes fairly within the rule established by the decision of the supreme court in the case of Yulee v. Vose, 99 U. S. 539–546, in which case the petition for removal was filed after the case had been severed as to certain defendants by the decision of the court of appeals of New York, which terminated the case as to some of the defendants, leaving it pending for a second trial as against the defendant Yulee alone. The case as originally brought was not removable. The petition for removal was presented to the state court after the time for removal of the case in its original form had elapsed, but the supreme court held that the changed situation by the termination of the action as to some of the defendants entitled the one remaining defendant to then exercise the right of removal, and based the decision distinctly on the ground that the joinder of other defendants prevented Yulee from removing the case prior to the first trial in the state court; that the decision of the court of appeals separated the controversy, and put him for the first time in a position to invoke the jurisdiction of the federal court. The reasons given for the decision in that case appear to me to be good and sufficient reasons for allowing the defendant in the case at bar to exercise the right of removal after the case had been transformed from an action against a citizen of Minnesota, together with citizens of the state of Washington, into an action against a citizen of Minnesota alone. I acquit the plaintiff of any fraudulent purpose in joining McKenzie & Glenn as codefendants. This case, therefore, is not to be classed with Hukill v. Railway Co., 65 Fed. 138, and other similar cases, in which the circuit courts have applied the law of estoppel in bar of the right of a plaintiff to contest removal by a nonresident defendant after having voluntarily dismissed resident defendants, originally joined as codefendants fraudulently, for the mere purpose of preventing removal into the federal court. My conclusion, however, is supported by the opinion of Judge Baker in the case of Yarde v. Rail-

road Co., 57 Fed. 913–915, who makes the following plain statement of the law:

"If at any time during the progress of an action in a state court, by amendment or otherwise, a cause of action, not being removable, is changed or converted into one which is properly removable, the defendant, whether an alien or a citizen of another state than that of which the plaintiff is a citizen, has the right to file his petition and bond, and secure a removal of the cause into the proper federal court. It has often been held that, if the defendant have a right to the removal, he cannot be deprived of it by the allowance by the state court of an amendment reducing the sum claimed after the right of removal is complete. Kanouse v. Martin, 15 How. 198. The converse of this proposition must be true,—that a defendant not entitled to removal, who becomes entitled to it by reason of an amendment of the complaint allowed by the state court, may remove the cause, although the time has elapsed within which his removal of the cause ought to have been asked for, if he promptly filed his petition and bond after such amendment had been made. Huskins v. Railway Co., 37 Fed. 504; Evans v. Dillingham, 43 Fed. 177–180."

See, also, Mattoon v. Reynolds, 62 Fed. 417.

The motion to remand is denied.