TREMPER v. SCHWABACHER et al.

(Circuit Court, D. Washington, N. D. January 8, 1898.)

1. REMOVAL OF CAUSES—SUFFICIENCY OF PETITION—AMENDMENT.

Where the jurisdictional facts sufficiently appear from the removal petition, taken in connection with the laws defining citizenship in the states where the parties reside, of which the court takes judicial notice, a petition for removal alleging that the parties are respectively residents and citizens of certain cities in different states may be amended to show that they are respectively citizens of the states in which they reside.

2. SAME—PARTIES ENTITLED TO.

In an action against several persons jointly as co-partners, a removal by one of them is not precluded because the others have not joined with him in the removal petition, when they have not been served with process, and have not appeared in the action.

On Motion to Remand to the State Court.

Clarence S. Preston, for plaintiff.
Struve, Allen, Hughes & McMicken, for defendants.

HANFORD, District Judge. This is an action at law commenced in the superior court of the state of Washington for King county, by E. P. Tremper, in his capacity as receiver of the Spring Hill Water Company, a corporation organized under the laws of the territory of Washington, against the defendants, as co-partners, under the firm name of Schwabacher Bros., upon an alleged liability of said firm. The summons was served only upon the defend-

ant Louis Schwabacher, who appeared in the superior court, and filed his petition and bond for the removal of the cause into this court, alleging in his petition that the controversy in said action is between citizens of different states. The particular allegations of the petition as to the citizenship of the respective parties at the times when the action was commenced and the petition filed are, in substance, that the plaintiff individually, and in his capacity as receiver, was a resident and citizen of Seattle, in the county of King, in the state of Washington; that the petitioner was a resident and citizen of the state of California, residing in San Francisco; and that the other defendants were each residents and citizens of the city of San Francisco, in the state of California. The petition also states that the petitioner, Louis Schwabacher, is the only one of said defendants upon whom summons has been served in said action. An order was made and entered in said superior court accepting the petition and bond for removal, and directing the record to be certified to this court. The plaintiff has appeared in this court, and filed an amended complaint. All three of the defendants have appeared in this court, and joined in an answer to said amended complaint. To said answer the plaintiff has filed a reply, and the case has been set for trial. After proceeding so far in this court, a question having been raised as to the sufficiency of the petition for removal, the defendants have applied for leave to amend said petition so as to set forth in a more direct and formal manner the diverse citizenship of the parties, and the plaintiff has moved to remand the cause, on the ground that the petition for removal and the record at the time of removal failed to show by positive averments that the plaintiff was at the time of commencement of the action, and since that time, a citizen of the state of Washington, and that the defendants Abraham Schwabacher and Sigmund Schwabacher were at said times citizens of the state of California; and on the further ground that, as the defendants are sued jointly upon a joint liability, the cause could not be removed by a petition in which all of the defendants did not join.

1. While the decisions of the supreme court establish the principle that the facts necessary to authorize a circuit court of the United States to take jurisdiction of a cause originally commenced in a state court, and in which the right of removal has been exercised, must appear in the record at the time of removal, and that the jurisdiction of a circuit court cannot be sustained by amendments of the record made after removal, if the court would not have jurisdiction without such amendments (Crehore v. Railway Co., 131 U. S. 240–245, 9 Sup. Ct. 692; Jackson v. Allen, 132 U. S. 27–34, 10 Sup. Ct. 9), still, where the jurisdictional facts are stated in a petition for removal in an imperfect manner, the circuit court may allow amendments for the purpose of making a good record. The latest decision of the supreme court bearing upon the question at issue which I have found is in the case of Martin's Adm'r v. Baltimore & O. Ry. Co., 151 U. S. 673–710, 14 Sup. Ct. 540. In the opinion by Mr. Justice Gray the rule as to amendments is stated as follows:

"The incidental suggestion, in that opinion [referring to the case of Ayers v. Watson, 113 U. S. 594–599, 5 Sup. Ct. 641], that the petition for removal might be amended in the circuit court as to the form of stating the jurisdictional facts, assumes that those facts are already substantially stated therein, and accords with later decisions, by which such amendments may be allowed when, and only when, the petition, as presented to the state court, shows upon its face sufficient ground for removal. Carson v. Dunham, 121 U. S. 421–427, 7 Sup. Ct. 1030; Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692; Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9."

Tested by this rule, I consider the grounds for allowing the amendment asked for in the case to be ample. The petition for removal is defective in this: that instead of alleging positively and with directness that the plaintiff is a citizen of the state of Washington, and that the petitioners' two co-defendants are citizens of the state of California, it alleges that the plaintiff is a citizen and resident of the city of Seattle, in the state of Washington, and said co-defendants are citizens and residents of the city of San Francisco, in the state of California, leaving an inference to be drawn therefrom that said parties, respectively, are citizens of the states in which they reside. Taking into account the general laws of the state of Washington and of the state of California, prescribing the qualifications of citizens of municipal corporations, of which laws the federal courts are required to take judicial notice, in connection with the general conclusion stated in this petition for removal that the controversy in the action is between citizens of different states, the inference that the plaintiff was at the time of the commencement of the action, and at the time of removal proceedings, a citizen of the state of Washington, and that the petitioner's co-defendants at said times were citizens of the state of California, is a necessary inference. But legal conclusions and argumentative allegations of jurisdictional facts are not sufficient in a petition for removal. Instead of conclusions and inferences, the court must have set before it, in the record, positive and clear statements of all the jurisdictional facts. Therefore this petition is imperfect in form, and needs amending, although it cannot be said that the necessary jurisdictional facts are not shown substantially, since it does specify the ground of jurisdiction upon which the petitioner claimed the right of removal, and supports the general conclusion by statements which would be proper evidence in his favor upon trial of the issue, if the allegation were denied. The state laws being read into the petition, it does state the necessary jurisdictional facts, and shows upon its face sufficient ground for removal of the cause into this court; and I will therefore grant the application to amend, so that the facts may be stated in a more formal and direct manner.

2. The Code of the State of Washington provides that in actions against two or more defendants, if the summons is served upon one or more, but not on all of them, the plaintiff may proceed as follows:

"If the action is against the defendants jointly, indebted upon a contract, he may proceed against the defendant served, unless the court otherwise directs; and, if he recovers judgment, it may be entered against all of the defendants thus jointly indebted so far only as it may be enforced against the joint property of all and the separate property of the defendants served * * *" 2 Ballinger's Codes & St. Wash. § 4881.

Under this law, the defendant Louis Schwabacher was obliged to appear and make his defense in the action, without waiting for service upon his co-defendants. Therefore, at the time of filing his petition and bond for removal of the case, he stood alone, as if he were the sole defendant. He could not require his co-defendants to join in a petition for removal, nor claim a stay of proceedings. It cannot be claimed that there is a separable controversy between him and the plaintiff; but, from necessity, he should be allowed to exercise his right to have the case removed, because, as the case stood at the time of the removal proceedings, he was the only defendant. The courts have held that where a defendant who, if sued alone, would be entitled to remove a case into a circuit court of the United States, is prevented from exercising the right by being joined with other defendants not entitled to the privilege, he may, after the disability has ceased, by the case being severed as to his co-defendants, remove the case, even though the time allowed for removal would have been passed if there had been no such disability. Yulee v. Vose, 99 U. S. 539–546; Cookerly v. Railway Co., 70 Fed. 277–280. By a similar course of reasoning, I reach the conclusion that in a case where several defendants have a right to remove a case, and only one of them is brought within the jurisdiction of the state court, and required to defend, he alone may claim the right. If in one case the departure of the co-defendants who have appeared in court removes the barrier to the right of removal, the absence of co-defendants who have not been brought within the jurisdiction of the state court, at the time when the right of removal must be exercised or waived, should give the same freedom to a defendant, in court, who may desire to exercise the right. The motion to remand will be denied, and the application to amend granted.