## WALKER et al. v. RICHARDS et al.

### (Circuit Court, D. Minnesota. April 13, 1893.)

1. REMOVAL OF CAUSES—SUFFICIENCY OF PETITION—UNKNOWN DEFENDANTS.

   In an action against known and unknown defendants to determine adverse claims, if the known defendants be served with process, they cannot be required to delay an application for removal of the suit until persons unknown, who might claim some interest in the matter in controversy, shall be served, and join in the application.

2. SAME—"PARTY DEFENDANT."

   A party defendant to an action, within the meaning of the removal act, is one who is named as such, and appears in the record as a defendant, at the time the right of removal exists.

3. SAME—ACTION TO DETERMINE ADVERSE CLAIMS—FEDERAL QUESTION.

   A petition for removal of an action to determine adverse claims alleged that the lands in controversy were entered by persons under the United States laws as a "soldier's additional homestead," and that each of these persons executed an instrument assigning his right prior to doing any of the acts or things required by the laws of the United States to be done and performed in order to perfect their rights, and alienating such lands contrary to law; that plaintiffs' title is wholly derived through such void instruments; that the land remained thereafter a part of the public lands, subject to entry; and that defendants' title is derived through original entry men holding under United States patent. *Held* that, as the validity of such transfer depends upon a construction of the federal laws, the petition showed a federal question in controversy, and that a motion to remand must be denied.

At Law. Action by Thomas B. Walker and Healey C. Akeley against Benjamin B. Richards, Azro T. Crossly, and others. Heard on motion to remand to state court. Denied.

Statement by NELSON, District Judge:

This suit was commenced in the state court to determine adverse claims, and pursuant to the statute of the state of Minnesota. All unknown as well as certain known persons are made defendants. The defendants named upon whom the summons was served filed their petition for removal under the act of 1887, claiming that the suit was one arising under the constitution and laws of the United States, and it was removed to this court. At the time of the removal no publication of the summons was made in order to bind and conclude by the decree unknown persons who claimed any right, title to, or interest in the property in controversy. A motion is now made by the plaintiffs to remand for the following reasons: First. Because all the defendants in said action did not join in the petition or application for removal from the state court, and no separable controversy is alleged or claimed between plaintiffs and the defendants who petitioned for removal. Second. Because the petition for removal is not sufficient in law to entitle the defendants Richards and Crossly to a removal. Third. Because the petition does not state any fact or facts that show, or tend to show, to the court, or from which the court can see, that any federal question is involved in the controversy, or that the decision of the case must or will depend in any degree upon the right construction of any law of the United States.

Wilson & Van Derlip, for plaintiffs.

Twomey & Morris, for defendants.

NELSON, District Judge, (after stating the facts.) The first reason assigned is not tenable. The defendants in court by name, served with process, were not required to delay the application

for a removal of the suit until persons unknown, who might claim some right, title, estate, or interest in the controversy, were served. Such delay would have proven fatal to the right given them by the statute. The right of removal is given to known defendants,— such as are made defendants by name, and served with process, or voluntarily appear. The two petitioners are all the known defendants to the controversy at the time the petition for removal of the suit was filed. A party defendant to an action, within the meaning of the removal act, is one who is named as such, and appears in the record as a defendant at the time the right of a removal exists.

Again, when it is sought to remove a suit on the ground that it is one arising under the laws of the United States, it must appear from the petition for removal and pleadings that there is a question actually involved in the suit depending for its determination upon a correct construction of a law of the United States, and the facts averred in the pleadings or in the said petition must show what the question is, and how it will arise. The allegations in the petition are that the lands mentioned in the complaint and claimed to be owned by the plaintiffs were entered by parties under and pursuant to title 32, c. 5, Rev. St. U. S., and for a soldier's additional homestead; that prior to these entries each of the parties, and his wife joining, executed and delivered an instrument in writing, which was made, executed, delivered, and received by the respective parties thereto for the sole purpose and with the intent of selling, assigning, and transferring the right of the party executing the same to an additional homestead conferred upon him by and under the laws of the United States, and particularly under title 32, c. 5, aforesaid, prior to doing or performing any of the acts or things required to be done and performed under said law, and for the purpose of alienating the several tracts of land described, contrary to and in violation of the laws of the United States; that the instruments were, and each of them was, intended, and each on its face purports, to alienate the right of the party executing the same under the laws of the United States aforesaid, and that said instruments are void under the United States laws; that the lands are a part of the public lands of the United States, and subject to entry under the laws aforesaid, and that plaintiffs' title is wholly derived through said instruments, and the defendants' title is derived directly from the original entry men, by deed duly executed; that each of said entry men received a patent from the United States for the lands entered by him. Upon the facts thus set forth it is claimed that if the instruments alleged to be given for the sole purpose of selling and transferring the right of the parties thereto to lands under title 32, c. 5, are valid, the plaintiffs are entitled to a decree quieting their title. On the other hand, if they were made in violation of the United States laws, and are void, they cannot avail as against the defendants' title, derived from the original entry men. The decision of this question depends on the construction of title 32, c. 5, Rev. St. U. S., and is a federal ques-

tion. The second and third grounds urged against the motion to remand are not tenable, in my opinion, and must be overruled. It is so ordered.

NOTE. Plaintiffs' motion to remand in the case of the Red River Lumber Company against Benjamin B. Richards et al. is also overruled.