CARLISLE et al. v. SUNSET TELEPHONE & TELEGRAPH CO. et al.

(Circuit Court, D. Washington. June 18, 1902.)

1. REMOVAL OF CAUSES—PETITION—ALLEGATION OF JURISDICTIONAL FACTS.

A petition for removal tenders an issue of fact by its allegations of jurisdictional facts which, if controverted, must be tried by the federal court, notwithstanding such allegations are made on information and belief, since parties are not restricted in making issues to matters which can be alleged on personal knowledge.

2. SAME—ISSUES OF FACT.

Allegations of fact in a petition for removal are taken as true prima facie, and are not put in issue merely by a motion to remand, but may be controverted by plea, answer, or other pleading appropriate to the particular case.

3. SAME—DIVERSITY OF CITIZENSHIP—DEFENDANTS NOT SERVED.

Under the Code of Washington, which provides that an action is commenced by service of a summons or by the filing of a complaint with the clerk of the court, where no complaint has been filed, in an action in a state court, at a time when by the laws of the state a defendant who has been served with summons and a copy of the complaint is required to answer or plead, persons named as codefendants in the complaint, but who have not been served with summons, are not parties to the cause whose presence will prevent a removal on the ground of diversity of citizenship by the defendant served.

Action at law to recover damages for the death of a minor son of the plaintiffs caused by the negligence of the defendants Arthur Flynn, John Doe, and Richard Roe in connection with their work as linemen in the service of their codefendant, the Sunset Telephone & Telegraph Company. Heard on motion to remand to the state court, in which the action was commenced. Motion denied.

E. H. Guie and John B. Hart, for plaintiffs.

E. S. Pillsbury, R. F. Lewis, and George E. Wright, for the Sunset Telephone & Telegraph Company.

HANFORD, District Judge. This action was commenced on the 17th day of April, 1902, under the provisions of the Code of this state, by the service of a summons and copy of a complaint on the defendant the Sunset Telephone & Telegraph Company. There-

¶ 3. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Cullagham, 27 C. C. A. 298.

after, on the 7th day of May, which was the last day of the time limited for an appearance by said defendant, it filed a petition and bond for removal of the case into this court, and at the same time filed a demurrer to the complaint. There has been no service of the complaint and summons on the other defendants, although the complaint alleges that they are citizens and residents of the city of Seattle, King county, state of Washington. In its petition the telephone company alleges as grounds for the removal that the action involves a controversy between citizens of different states; that the plaintiffs are citizens of the state of Washington; that the defendant is a corporation organized under the laws of the state of California, a citizen of California, and not an inhabitant of the state of Washington; that it is the only real defendant in the action; that the defendants Flynn, Doe, and Roe are named in the complaint as defendants for the mere purpose of defeating the right of the petitioner to remove the case into this court; that the said defendants were not served with process requiring them to answer the complaint; and that the plaintiffs have no intention to prosecute the case in good faith against either of them.

These statements are made in a positive form in the petition, although some of them are unnecessarily set out as being based upon information and belief. It was unnecessary to specify that the charges were made upon information and belief. Pleadings are usually made upon information and belief, and parties are not restricted in making issues to matters which can be alleged upon personal knowledge. Therefore I hold that the petition tenders an issue of fact which, if controverted, would have to be tried by this court. By the repeated decisions of the supreme court of the United States, it is settled that the jurisdiction of the circuit court of a case removed from a state court must appear affirmatively by the record at the time of filing the petition and bond for removal, and the allegations of the petition for removal as to the necessary jurisdictional facts are taken to be prima facie true, but those allegations may be controverted, making it necessary for the circuit court to determine the disputed questions as to its jurisdiction upon consideration of evidence. The law does not prescribe any procedure for forming issues and trial of disputed questions of fact, and there is no uniform practice, but the law and good practice require the court in each case to proceed in an orderly manner so as to make a record from which it will appear what matters were controverted and how decided. In this court parties wishing to raise an issue of fact affecting the jurisdiction of the court have been permitted to do so by plea or answer, but a mere motion to remand, as in this case, presents only the questions of law which arise from the facts shown by the record.

Now, taking the uncontroverted statements of the petition to be true, the facts are that the telephone company is the only party defendant; the controversy is solely between the telephone company and the plaintiffs; Mr. Flynn and the others, to whom fictitious names are applied, have not been made parties to the litigation; the plaintiffs have no intention to press the case against them, and they were named in the complaint as defendants as a mere pretense to

116 F.—57

defeat the right of the telephone company to remove the same into this court. My reason for saying that Flynn, Doe, and Roe have not been brought in as parties to the case is that under the Code of this state a civil action is commenced by service of a summons or by filing a complaint with the clerk of the court. No complaint has been filed except a copy of the complaint served upon the telephone company, which was filed in this court by its attorney, and the summons has not been served upon the individuals named. At the time the removal papers were filed in the state court the telephone company was the only defendant against whom an action had been commenced, and the jurisdiction of this court has attached by reason of the fact that the only parties are citizens of the state of Washington on the one side and a citizen of the state of California on the opposite side, and the defendant, being a nonresident of this state, has invoked the jurisdiction of this court in the manner prescribed by act of congress.

Motion denied.