BOWLES v. H. J. HEINZ CO. et al.

(Circuit Court, S. D. New York. June 27, 1911.)

1. REMOVAL OF CAUSES (§ 82*)—JOINT DEFENDANTS—PETITION TO REMAND—JOINDER.

Where an action is brought against joint defendants and there is no separate controversy, one of them cannot remove the cause without joinder of the other.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 163; Dec. Dig. § 82.*

Separable controversy as ground for removal of cause, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

2. REMOVAL OF CAUSES (§ 82*)—JOINT DEFENDANTS—FAILURE TO SERVE ONE.

Where plaintiff, a resident of New York, sued defendants, residents of Pennsylvania, for malicious prosecution, but only served the corporation defendant, it was no objection to the corporation's right to remove, that the individual defendant not served did not join in the petition.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 163; Dec. Dig. § 82.*]

At Law. Action by Dwight W. Bowles against H. J. Heinz Company and another. The case having been remanded to the circuit court, plaintiff moves to remand. Denied.

House, Grossman & Vorhaus, for plaintiff.
Janes, Schell & Elkus, for defendants.

LACOMBE, Circuit Judge. Plaintiff is a resident of New York, defendants are residents of Pittsburgh, Pa., and nonresidents here. The action is for malicious prosecution, and the defendant corporation only has been served. Within the statutory time it removed the cause

into this court. Plaintiff moves to remand, contending that the removal was improper because both defendants did not unite in it.

[1] There is no separate controversy, and there is abundant authority for the general proposition that in such a case one of several defendants cannot remove the cause. I concur, however, with Judge Hanford (Tremper v. Schwabacher [C. C.] 84 Fed. 413) in the conclusion that such rule does not apply where one only of two defendants has been served.

[2] Adherence to the rule in such cases would put it in the power of plaintiff to defeat the right of removal which the statute gives to nonresidents. He could neglect to serve one of them until the time for removal by the one served had elapsed. Then he might serve the other and resist removal by him on the ground that the one first served did not join in application to remove, which, of course, he could not do since his right to make such application was barred by lapse of time.

The motion to remand is denied.