GROSSO v. BUTTE ELECTRIC RY. CO. et al.

(District Court, D. Montana. October 28, 1914.)

No. 176.

REMOVAL OF CAUSES (§ 30*)—GROUNDS—DIVERSITY OF CITIZENSHIP—DEFENDANTS—RESIDENT SERVANT.

Plaintiff brought suit against a foreign street railway company and two of its resident servants for injuries to plaintiff as a passenger, charging that the servants were respectively conductor and motorman of the car in which plaintiff was riding at the time of the injury. The names of the servants being unknown, they were designated as John Doe and Richard Roe, as permitted by the statutes of the state. *Held*, that since the status of the parties, whether nominal or otherwise, depends on their relation to the controversy, and not on their designation, and substantial relief having been asked against them, they could not be treated as mere nominal parties, though not served, and, they being of the same citizenship as plaintiff, the action could not be removed by the nonresident defendant.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 76; Dec. Dig. § 30.*]

At Law. Action by Margherit Grosso against the Butte Electric Railway Company and others. On motion to remand the cause to the state court. Granted.

Alex Levinski and Nolan & Donovan, all of Butte, Mont., for plaintiff.

Shelton & Furman, Peter Breen, and A. J. Verheyen, all of Butte, Mont., for defendant.

BOURQUIN, District Judge.  On motion to remand.  Defendants are a foreign street railway corporation and its servants, jointly against whom plaintiff brings this a passenger's action for personal injuries due to the servants' negligence.  The servants are designated John Doe and Richard Roe, true names unknown, respectively conductor and motorman of the car wherein plaintiff was passenger.  The corporation removed the case hither for diverse citizenship.  Its contention is that the servants, being designated by fictitious names and not served with process prior to removal, are merely nominal or formal parties, who can be ignored in removal.  To this it cites Parkinson v. Barr (C. C.) 105 Fed. 82, and Loop v. Winters' Estate (C. C.) 115 Fed. 366.

These cases so hold, but therein they are not supported by the authorities upon which they purport to rely, and have no foundation in principle.  The statutes of this state authorize designation of defendants by fictitious names when their true names are unknown to the plaintiff.  The status of parties, whether formal or otherwise, does not depend upon the names by which they are designated, but upon their relation to the controversy involved, its effect upon their interests, and whether judgment is sought against them.  When, as here, the cause of action is against them, and substantial relief sought against them, they are real parties in interest.  Here, though designated by fictitious names, their citizenship is vital on removal, and, not appearing herein, removal was unwarranted.

Remand ordered.  Costs to plaintiff.