### HUNT v. PEARCE et al.

(District Court, E. D. Oklahoma.   April 11, 1921.)

#### No. 3474.

1. **Removal of causes ⬦=46—Though one nonresident defendant is not served, other held entitled to remove cause.**

Under Rev. Laws Okl. 1910, § 4730, prescribing the procedure when one or more of several defendants have been served, where one of two nonresident defendants, sued on a joint cause of action, is not served, the other may remove the cause, especially in view of Act Cong. April 16, 1920, relative to service after removal.

2. **Appearance ⬦=9 (6)—Proceedings for removal do not constitute general, but only special, appearance.**

The filing of a petition for the removal of a cause from a state to a federal court, and the proceedings on such petition, are not equivalent to a general appearance, but are a special appearance only for the purpose of the removal.

3. **Removal of causes ⬦=105—Defendant, served after removal, entitled to elect whether cause shall be remanded.**

Where only one of two nonresident defendants, sued on a joint cause of action, is served, and he removes the cause to a federal court, the other defendant, after being served, has an election whether the case shall remain in the federal court or be remanded on his motion, especially in view of Act Cong. April 16, 1920.

At Law.   Action by Mrs. M. E. Hunt against Mary E. Pearce and another.   Case removed on petition of defendant to the federal court.

⬦=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On motion by plaintiff to remand, and by defendants for an injunction against proceedings in state court. Motion to remand denied, and injunction granted.

William Neff, of Muskogee, Okl., for plaintiff.

Riley Cleveland, of Muskogee, Okl., for defendants.

WILLIAMS, District Judge. On November 27, 1920, the plaintiff, by petition in the district court of Muskogee county, Okl., commenced an action against defendants jointly for breach of contract, for the sum of $26,500. With the petition was filed a præcipe asking the clerk to issue summons for said defendants, one directed to the sheriff of Muskogee county for Mary E. Pearce, and another to the sheriff of Tulsa county for T. Pearce, said summons returnable on December 7, 1920. The sheriff of Tulsa county returned the summons as served on T. Pearce on November 29, 1920. That from Muskogee county shows that Mary E. Pearce was not found.

With her petition the plaintiff filed an affidavit, alleging that both of said defendants were nonresidents of the state of Oklahoma and residents of Arkansas, and the clerk issued a writ of attachment against the property of said defendants. Whereupon the sheriff of Muskogee county levied upon certain realty as the property of defendants. On December 6, 1920, Riley Cleveland—

"as attorney for defendants" in writing notified the plaintiff and her attorneys of record that "the defendants herein will, on the 9th day of December, 1920, at the hour of 9 o'clock, or as soon thereafter as the matter can be heard by the court, make application to the district court of Muskogee county, state of Oklahoma, to remove the above-entitled cause of action from the district court of Muskogee county, state of Oklahoma, to the United States District Court within and for the Eastern District of Oklahoma."

On the same day, the said Riley Cleveland "as attorney for petitioner" filed a petition with the clerk of the state court "for the removal to the District Court of United States for the Eastern District of Oklahoma" said cause, and after its presentation to the judge of said court, together with bond in the amount and conditioned as the law prescribes, and signed by the defendant. T. Pearce, and two sureties, on, to wit, the 13th day of December, 1920, an order was entered reciting that—

"upon the application of the defendants herein for an order removing this cause to the District Court of the United States for the Eastern District of Oklahoma, and it appearing that the defendants have filed their petition for such removal in due [form] of law, and that the defendants have filed a bond, duly conditioned, with good and sufficient surety, as provided by law, and that the defendants have given notice to the plaintiff of the filing of said petition and bond, as required by law; and it appearing to the court that this is a proper cause for removal to the said District Court of the United States for the Eastern District of Oklahoma: Now, therefore, this court does accept and approve said bond, and accepts such petition, and it is hereby ordered and adjudged that this cause be, and the same is, hereby removed to the District Court of the United States for the Eastern District of Oklahoma, and the clerk of this court is hereby directed to prepare the record in this cause for transmittal to the said court forthwith, and that all other proceedings in this court be stayed."

The record on removal was lodged with the clerk of this court on December 30, 1920. On January 27, 1921, the plaintiff moved this court to remand said cause to the state district court—

"as the defendants were sued jointly and all the defendants did not join in the removal petition, and the action does not present a separable controversy as to the defendant making the removal petition, and it is not claimed in the removal petition that a separable controversy is presented."

Pending the hearing of said application, attorneys for the plaintiff sought to invoke the jurisdiction of the state district court to have judgment rendered as by default against the defendant Mary E. Pearce, on the ground that the notice of the application for an order of removal by the attorney Riley Cleveland "as attorney for defendants" operated as a general appearance on her part in said court, and her failing to join in the application for removal left the action pending in said court as against her.

On February 9, 1920, ancillary petition for temporary injunction against the plaintiff to restrain and enjoin her and her agents and attorneys from proceeding further in said cause in the state district court was filed in this court and a temporary restraining order to that end was issued, and pending this hearing has been kept in force. On the same day application on the part of defendants T. Pearce and Mary E. Pearce to appear specially and move the court for permission to amend the petition for removal, so as to allege that the name of Mary E. Pearce by inadvertence was omitted, not only from said petition, but also from the bond filed in said case.

[1] Section 4730, Revised Laws of Oklahoma 1910, provides that:

"Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows:

"First. If the action be against defendants jointly indebted upon contract, he may proceed against the defendants served, unless the court otherwise direct; and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served; and if they are subject to arrest, against the persons of the defendants served.

"Second. If the action be against defendants severally liable, he may, without prejudice to his rights against those not served, proceed against the defendants served in the same manner as if they were the only defendants."

In Tremper v. Schwabacher et al. (C. C.) 84 Fed. 413, an identical statute being under consideration, the court said:

"Under this law, the defendant, * * * was obliged to appear and make his defense in the action, without waiting for service upon his codefendants. Therefore, at the time of filing his petition and bond for removal of the case, he stood alone, as if he were the sole defendant. He could not require his coderendants to join in a petition for removal, nor claim a stay of proceedings. It cannot be claimed that there is a separable controversy between him and the plaintiff; but, from necessity, he should be allowed to exercise his right to have the case removed, because, as the case stood at the time of the removal proceedings, he was the only defendant. The courts have held that where a defendant who, if sued alone, would be entitled to remove a case into a Circuit Court of the United States, is prevented from exercising the right by being joined with other defendants not entitled to the privilege, he may, after the disability has ceased, by the case being severed as to

his codefendants, remove the case, even though the time allowed for removal would have been passed if there had been no such disability. * * * By a similar course of reasoning, I reach the conclusion that in a case where several defendants have a right to remove a case, and only one of them is brought within the jurisdiction of the state court, and required to defend, he alone may claim the right. If in one case the departure of the codefendants who have appeared in court removes the barrier to the right of removal, the absence of codefendants who have not been brought within the jurisdiction of the state court, at the time when the right of removal must be exercised or waived, should give the same freedom to a defendant, in court, who may desire to exercise the right."

In Bowles v. H. J. Heinz Co. (C. C.) 188 Fed. 937, it is said:

"There is no separate controversy, and there is abundant authority for the general proposition that in such a case one of several defendants cannot remove the cause. I concur, however with Judge Hanford (Tremper v. Schwabacher [C. C.] 84 Fed. 413) in the conclusion that such rule does not apply where one only of two defendants has been served."

See, also, note 128, under section 1010, Comp. Stat. U. S. 1916, vol. 1, p. 900.

Act Cong. April 16, 1920, c. 146, provides:

"Hereafter, in all cases removed from any state court to any United States court for trial in which any one or more of the defendants has not been served with process, or in which the same has not been perfected prior to such removal, or in which the process served upon the defendant or defendants, or any of them, proves to be defective, such process may be completed by the United States court through its officers, or new process as to defendants upon whom process has not been completed may be issued out of such United States court, or service may be perfected in such court in the same manner as in cases which are originally filed in such United States court: Provided, nothing in this Act shall be construed to deprive any defendant upon whom process is so served after removal, of his right to move to remand the cause to the State court, the same as if process had been served upon him prior to such removal." 41 Stat. 554.

This provision appears to contemplate the procedure as sustained by United States Circuit Courts in Washington and New York in the above cases.

[2] As to the contention that the act of the attorney, in signing the notice of the proposed application for removal "as attorney for defendants" constituted a general appearance:

"It is now the well-settled doctrine of the federal courts that the filing of a petition for the removal of a cause from a state to a federal court, and the proceedings on such petition, are not the equivalent of a general appearance, and do not prevent defendant from thereafter appearing in the federal court and objecting to the jurisdiction over his person by reason of defect or irregularity in the process or the service thereof; the proceedings are a special appearance only for the purpose of a removal, whether expressly so stated or not." 4 Corpus Juris, 1343; Cain v. Commercial Pub. Co., 232 U. S. 124, 34 Sup. Ct. 284, 58 L. Ed. 534; Wabash Western R. Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431; Goldey v. New Haven Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517.

In Carpenter v. Willard Case Lumber Co. (C. C.) 158 Fed. 702, it is said:

"Again, it is not thought the appearance by the defendant in the state court for the purpose of filing its petition and bond for removal to this court constituted a general appearance to the merits of the case, or a waiver of

the invalidity of the attempted service because of the statute of this state. The service being invalid, no duty rested on defendant to obey the command of the summons issued from the state court. It could have permitted judgment to go by default against it and successfully resisted its enforcement. However, it did not desire to take such course, but pursued the more prudent one of appearing in the state court for the sole purpose of removing the controversy to this court, which it might lawfully do; and, when the controversy was so removed, the question of jurisdiction over the person of the defendant is one for the consideration of this court under the general provisions of the law, and not for the state court under special provisions. Louden Machinery Co. v. American Malleable Iron Co. (C. C.) 127 Fed. 1008, and cases therein cited."

The Carpenter Case was decided in the United States Circuit Court in Kansas, where the state practice is substantially the same as in Oklahoma.

Patchin v. Hunter (C. C.) 38 Fed. 51, is not in conflict with McHenry v. New York (C. C.) 25 Fed. 65, Tremper v. Schwabacher, supra, or Bowles v. Heinz Co., supra. In these cases all the defendants were nonresidents of the state in which the suit was brought, whilst in Patchin v. Hunter, one of the defendants being a nonresident and the other a resident in the state in which the suit was brought, and the cause of action being joint, the cause was under no condition apparent on the record removable. In a cause of action where both of the defendants are nonresidents of the state in which the suit is brought, the cause being joint, and service is had on both defendants, it is removable, providing both of the defendants so elect.

[3] In the cases cited the courts held that where one had not been served, the other could have the cause removed, and that taking the entire case to the federal court, after service was had from said court to which the cause was removed upon the other defendant upon his election, the case could remain in such federal court or be remanded on his motion. The said act of April 16, 1920, appears to confirm this conclusion.

An order will be entered, not only overruling the motion to remand, but also on the equity side enjoining the plaintiff, her attorneys and agents, from in any manner proceeding in this cause against either of said defendants in the state district court in which this action was originally brought.