GALEHOUSE v. BALTIMORE & O. R. CO. et al. (two cases).

(District Court, N. D. Ohio, E. D. August 16, 1921.)

Nos. 10262, 10281.

1. **Removal of causes ⊙═⇒36—Joining resident defendants not served does not prevent removal.**

In an action against a foreign railroad company, the joinder of six members of the train crew, whose names were unknown and who were not served with summons, does not prevent the action from being one against the corporation alone, so that it was entitled to remove to the United States court.

2. **Courts ⊙═⇒343—State rule that master and servant cannot be jointly sued is controlling in federal courts.**

The established law in Ohio that a joint action cannot be maintained against a master and servant where the master's liability arises solely from the legal relationship existing between them under the rule of respondeat superior is binding on the United States courts in determining the right to remove such action from the state courts.

3. **Removal of causes ⊙═⇒49 (1)—Controversy is separable if defendants could not be jointly sued under state law.**

An action against a foreign corporation and resident defendants presents a separable controversy which the foreign corporation can remove to the United States court, where, under the state law, the defendants could not be jointly sued.

4. **Railroads ⊙═⇒5½, New, vol. 6A Key-No. Series—Corporation not liable for negligence of Director General.**

The corporation owning a railroad is not liable for the negligent operation of the trains while the railroad was under the control of the Director General.

Separate actions by James B. Galehouse, as administrator of the estate of Joseph Koble, deceased, and by James B. Galehouse, as administrator of the estate of Charles Koble, deceased, against the Baltimore & Ohio Railroad Company and others, begun in the state court, and removed by the named defendant to the United States District Court. On motions by the plaintiff in each case to remand to the state court, and on demurrers by the named defendant to the petition. Motions to remand overruled, and demurrer sustained.

Kean & Adair, of Wooster, Ohio, for plaintiff.

Tolles, Hogsett, Ginn & Morley, of Cleveland, Ohio, for defendants.

WESTENHAVER, District Judge. These causes are pending on motion of plaintiff to remand to the state court, whence they were removed on petition alone of the defendant the Baltimore & Ohio Railroad Company, and on a general demurrer of the Baltimore & Ohio Railroad Company to the petitions filed herein after removal.

[1] The 'motions to remand will be denied. The petitions name therein as defendants, in addition to the railroad company, six persons by the name of Doe whose true names are unknown, but are said to be the members of the train crew in charge of the train which collided with an automobile in which plaintiff's decedents were riding, at a pub-

lic crossing. This collision, it is said, was due to the negligent operation of the train by these several members of its crew. Summons was taken out against all the defendants thus named, but was served only on the railroad company. The action pending at the time of such removal was therefore one against the railroad company alone, and the removal was proper.

[2] Moreover, if summons had or could have been served on the train crew, they would, under the law of Ohio, have been improperly joined, and the controversy between the plaintiff and the defendant railroad company would be a separable controversy from that between the plaintiff and the members of the crew. In Ohio it is settled law that a joint action cannot be maintained against master and servant in any case where the master's liability for the wrongful and negligent act of the servant arises solely and only from the legal relationship existing between them under the rule of respondeat superior, and not by reason or because of the master's personal participation in such wrongful or negligent act. Clark v. Fry, 8 Ohio St. 358, 72 Am. Dec. 590; French, Adm'r, v. Construction Co., 76 Ohio St. 509, 518, 81 N. E. 751, 12 L. R. A. (N. S.) 669; Robbins v. Pennsylvania Co. (6 C. C. A.) 245 Fed. 435, 157 C. C. A. 597.

[3] Upon the facts stated in the two petitions, these cases fall within this rule, and the state rule is controlling in this court as to the right of removal. If under the state law a joint action cannot be maintained against the master and servant, the controversy, when both are joined, is a separable one which may be removed. Robbins v. Pennsylvania Co., supra, 245 Fed. 435, 157 C. C. A. 597; Veariel v. United Eng. & Foundry Co. (Day, Judge) 197 Fed. (D. C.) 877; Chicago, etc., Ry. v. Schwyhart, 227 U. S. 184, 33 Sup. Ct. 250, 57 L. Ed. 473. The two federal cases last cited arose in Ohio and were held removable for the reasons herein stated.

[4] The demurrers of the defendant railroad company will be sustained. The collision occurred and the cause of action arose June 22, 1919. On this date the lines of the defendant railroad company were being operated by the Director General of Railroads under what is known as federal control. The liability, if any, for injuries thus caused is upon the Director General, and not upon the railroad company as owner of the lines. This is settled law. See Haubert v. Railroad Co. (D. C.) 259 Fed. 361; Erie Railroad Co. v. Caldwell (6 C. C. A.) 264 Fed. 947. The holding of these cases has been approved and adopted by the U. S. Supreme Court in a recent case (Missouri Pac. R. Co. v. Ault, 255 U. S. ——, 41 Sup. Ct. 593, 65 L. Ed. ——) in which Mr. Justice Brandeis delivered the opinion.

Plaintiff's motions to remand will be overruled. Defendants' demurrers will be sustained. Proper exceptions will be allowed plaintiff.