**JENSEN v. SAFEWAY STORES, Inc., et al.**
No. 1716.

District Court, D. Montana, Helena Division.
Sept. 24, 1938.

C. A. Spaulding and Leo J. Kottas, both of Helena, Mont., for plaintiff.

Alf C. Kremer and Rex F. Henningsen, both of Butte, Mont., for defendant Safeway Stores, Inc.

BALDWIN, District Judge.

The plaintiff filed a complaint in the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark on March 28, 1938. Therein plaintiff alleges, among other things: (1) That at all of the times therein mentioned the defendant Safeway Stores, Inc., was and it now is a Nevada corporation, "and engaged in the business of retailing groceries and operating and conducting a place of business in Helena, Montana, known as and called the Safeway Store"; (2) That at all of the times therein mentioned "the defendant, John Doe, whose true name is to the plaintiff unknown, was an inhabitant and resident of the city of Helena, County of Lewis and Clark, State of Montana," a servant and agent of the defendant Safeway Stores, Inc., employed by it in said city, county and state, and that at all of the times mentioned therein he "was acting within the scope of his employment with said defendant corporation and pursuant to the duties incident thereto"; (3) That at all of the times therein mentioned "the defendants above named in the operation of said store occupied and used a certain store building known and numbered as 428 North Main Street in said City of Helena, Montana, and in said store building had set aside certain portions thereof as aisles and passageways for the use of the general public and patrons of said store; and that at all of the times therein mentioned and on the 26th day of January, 1938, the general public and particularly this plaintiff, was invited by defendants to use said aisles and passageways in looking over, inspecting and selecting groceries they might wish to purchase"; (4) "That one of said aisles and passageways so set aside for the public use as aforesaid was an aisle or passageway running between a counter containing groceries located at about the center of said store and a certain counter containing groceries located in the northerly side of said store, * * *;" (5) That at all of

the times therein mentioned "it was the duty of the defendants to keep said aisles and passageways so set aside for the use of the general public and patrons of said store as aforesaid, safe and free from obstruction over which the persons using said aisles and passageways might trip and fall"; (6) That at all of the times therein mentioned "the defendants knew, or in the. exercise of due and reasonable care should have known, that if said defendants placed, or caused to be placed, boxes or obstructions in said aisles or passageways * * persons using said aisles and passageways, and particularly this plaintiff, would be likely to trip over said box or obstruction and be injured thereby"; (7) "That notwithstanding the facts aforesaid the defendants negligently, carelessly and recklessly placed or caused to be placed a partially filled wooden crate or box of oranges in said aisle and passageway above described and it became thereby obstructed and dangerous to public travel and free and safe passage thereon"; (8) That on January 26, 1938, the plaintiff "entered said store of the defendants in the City of Helena, Lewis & Clark County, Montana, and passed over one of said aisles and passageways and purchased certain groceries then and there in said store and while in the exercise of due and reasonable care and caution, and in ignorance of said crate or box of oranges so placed or caused to be placed in said aisle and passageway by said defendants as aforesaid, passed along said aisle and passageway above described on his way toward the front of said store and while engaged in selecting other groceries, plaintiff unexpectedly tripped over said box or crate of oranges so placed or caused to be placed in said· aisle or passageway as aforesaid and was violently thrown against certain wooden crates then and there being in said store and to and upon the floor of said store"; and (9) "That by reason of the facts aforesaid plaintiff received" certain particularly described injuries to his damage.

Summons was duly issued out of the state court, served upon the defendant Safeway Stores, Inc., and returned to that court without having been served upon the individual defendant.

In due time the corporate defendant made and filed a petition for the removal of such suit from the state court to this court and made and filed therewith a bond as required by law. Sec. 72, Tit. 28, U.S.C., 28 U.S.C.A. § 72. The state court accepted said petition and bond and ordered that the suit be "removed to the District Court of the United States for the District of Montana"; and, the transcript and record on removal were filed in this court in due time.

The plaintiff has moved this court "to remand the above-entitled action to the District Court of the First Judicial District of the State of Montana in and for the County of Lewis & Clark, upon the ground that said cause was improvidently and improperly removed from the said District Court" for certain stated reasons. Stated shortly, plaintiff's contention is that this court is without jurisdiction to entertain, hear, try or determine the above-entitled action because "the cause of action set forth in plaintiff's complaint is a joint one against both defendants for a joint tort committed by them".

It is thought that plaintiff's contention that the complaint in this action states a cause of action against the defendants as joint tort feasors is well grounded; and in consideration of the motion to remand the court will proceed upon that theory.

The defendant Safeway Stores, Inc., contends that the motion to remand should be denied for two reasons: (1) "There is a diversity of citizenship existing and the requisite amount in controversy"; and (2) "That there has been a fraudulent joinder for the purpose of preventing removal".

In my opinion neither one of these contentions is well grounded. It is too well settled to require a citation of. authority that: (1) The right of removal from a state to a federal court exists in certain specified cases; (2) To the existence of the right it is essential that the case be shown to be such a case; (3) Where a removal is sought because of diversity of citizenship it must be shown that the controversy is between citizens of different states; (4) The cause of action is the subject matter of the controversy, and that is, for all the purposes of the suit whatever the plaintiff declares it to be; (5) An action of tort which might have properly been brought against many persons or against one or more of them, and which is brought in a state court against two or more of them jointly, contains no separable controversy which will authorize its removal by some of the defendants into a district court of the United States; and (6) And, as in such case the plaintiff has an abso-

588

lute right to sue one or all of the joint tort feasors, no motive can make his joinder of any of them a fraud.

When the facts appearing on the face of the record in the instant case are measured by these rules I am clearly of the opinion that it cannot be held properly that there exists a separable controversy between the plaintiff and the defendant Safeway Stores, Inc., or, that the defendant designated as "John Doe", has been fraudulently joined as a party to this action. It cannot fairly be said that he has no real connection with the controversy and that appears to be the test. In Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544, the court held that to justify the removal of an action from a state to a federal court on the ground (1) That there exists a separable controversy; or (2) That there is a fraudulent joinder of a party defendant "the showing must be such as compels the conclusion that the joinder is without right and made in bad faith" [page 280]. In McAllister, Adm'rx, v. Chesapeake & Ohio R. Co., et al., 243 U.S. 302, 310, 311, 37 S.Ct. 274, 277, 61 L.Ed. 735, the court stated the rule as follows: "Since the amended petition states a joint cause of action against the Kentucky company and the Virginia company, the claim that there is a separable controversy in the case, justifying removal by the latter company, must fail, and since no facts are alleged in support of the charge that the joinder of the two companies is fraudulent, except that it was made for the purpose of preventing removal to the Federal court, this claimed reason for removal must also fail (Illinois Central R. R. Co, v. Sheegog, supra [215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208], and Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 153, 34 S.Ct. 278, 58 L.Ed. 544, 547)".

It is obvious that defendant Safeway Stores, Inc., is liable, if it is liable at all, only because plaintiff suffered the injuries of which he complains as a result of negligence on the part of the defendant designated as "John Doe" as permitted by statute in Montana, Sec. 9190, Rev.Codes Mont.1935, acting within the scope of his employment. The act alleged is one of misfeasance, not one of nonfeasance, and it is stated to have been done by "the said John Doe, whose true name is to plaintiff unknown, while acting within the scope of his employment with said defendant corpora-

tion and pursuant to the duties incident thereto". Paragraphs 2 and 6 of the complaint herein. It follows that it should be and it is held that the complaint in the case at bar states a joint cause of action of tort against the defendant Safeway Stores, Inc., and the defendant designated therein as "John Doe". Secs. 5688, 7394, 7395, 7573, 7579, 7965, 8659, 8660 and 8686, Rev. Codes Mont.1935; Montague v. Hanson, 38 Mont. 376, 382-385, 99 P. 1063; Robinson v. F. W. Woolworth Co., 80 Mont. 431, 438-441, 261 P. 253; Ellinghouse v. Ajax Livestock Co., 51 Mont. 275, 283 and 287, 288, 152 P. 481, L.R.A.1916D, 836; Hoffman v. Roehl, 61 Mont. 290, 297-300, 203 P. 349, 20 A.L.R. 189; Doheny v. Coverdale et al., 104 Mont. 534, 68 P.2d 142; Erie R. Co. v. Tompkins, 304 U.S. 64, 71, 58 S.Ct. 817, 818, 82 L.Ed. 1188, 114 A.L.R. 1487; Sec. 725, T. 28, U.S.C., 28 U.S.C.A. § 725; Knuth v. Butte Electric R. Co., C.C.,D.Mont., 148 F. 73; Thresher v. Western Union Telegraph Co., C.C.,D. Mont., 148 F. 649; Schultz v. Brown, 9 Cir., 256 F. 187, 191; Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 151-153, 34 S.Ct. 278, 58 L.Ed. 544; McAllister v. Chesapeake & Ohio R. Co., 243 U.S. 302, 310, 311, 37 S.Ct. 274, 61 L.Ed. 735; Chicago, Rock Island & Pac. R. Co. v. Schwyhart, 227 U.S. 184, 192-194, 33 S.Ct. 250, 57 L.Ed. 473; Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 213-220, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147. It follows that the contentions of the defendant Safeway Stores, Inc., (1) That there is a separable controversy; and (2) That there is a fraudulent joinder of the defendant designated in the complaint herein as "John Doe" within the meaning of the law, are not well grounded.

The defendant Safeway Stores, Inc., further contends that "this action is one in which there is a controversy between citizens of different states"; and cites authorities which it asserts support this contention. This contention is based upon the following facts: (1) That the defendant Safeway Stores, Inc., "was at the time of the commencement of this action, ever since has been and now is a citizen and resident of the state of Nevada"; (2) That the plaintiff "was at the date of the commencement of this action, prior thereto had been, ever since has been and is now a resident and citizen of the state of Montana"; and (3) That John Doe, who is joined as a defendant has not been served with process as required by law and "has

not made any appearance in this action nor has he otherwise submitted himself to the jurisdiction of said court (the state court, interpolated) in this action", and proceeds upon the theory, as stated by the defendant Safeway Stores, Inc., "that because of the said facts above alleged your petitioner (Safeway Stores, Inc., interpolated) alleges that said action therefore is in fact one against your petitioner alone and has the same force and effect as if no person other than your petitioner had been named as a defendant in said action, and there is therefore a controversy wholly and solely between plaintiff and your petitioner."

■ It must be conceded that it is provided by statute in Montana: "From the time of the service of the summons and a copy of the complaint in a civil action, * * * the court is deemed to have acquired jurisdiction of the parties, and to have control of all subsequent proceedings. The voluntary appearance of a defendant is equivalent to personal service of the summons and a copy of the complaint upon him"; Sec. 9123, Rev.Codes Mont.1935; but, this does not justify the conclusion that one who is a citizen of and resident within the state of which the particular plaintiff is a citizen and resident and who has been joined properly as a party defendant in a tort action is merely a nominal or formal party who can be ignored on removal merely because he has not been served with process or appeared in the action.

In my opinion the fallacy of the contention of the defendant Safeway Stores, Inc., is demonstrated by what is said by Bourquin, District Judge, in Grosso v. Butte Electric R. Co. et al., D.C., 217 F. 422. There the noted jurist said [page 423]:

"On motion to remand. Defendants are a foreign street railway corporation and its servants, jointly against whom plaintiff brings this a passenger's action for personal injuries due to the servants' negligence. The servants are designated John Doe and Richard Roe, true names unknown, respectively conductor and motorman of the car wherein plaintiff was passenger. The corporation removed the case hither for diverse citizenship. Its contention is that the servants being designated by fictitious names and not served with process prior to removal, are merely nominal or formal parties, who can be ignored in removal. To this it cites Parkinson v. Barr (C.C.) 105

F. [81] 82, and Loop v. Winters' Estate (C.C.) 115 F. [362], 366.

"These cases so hold, but therein they are not supported by the authorities upon which they purport to rely, and. have no foundation in principle. The statutes of this state authorize designation of defendants by fictitious names when their true names are unknown to the plaintiff. The status of parties, whether formal or otherwise, does not depend upon the names by which they are designated, but upon their relation to the controversy involved, its effect upon their interests, and whether judgment is sought against them. When, as here, the cause of action is against them, and substantial relief sought against them, they are real parties in interest. Here, though designated by fictitious names, their citizenship is vital on removal, and, not appearing herein, removal was unwarranted."

■ This holding is supported by both reason and authority. It cannot be doubted that the judicial power of the United States grows out of and is limited by Sections 1 and 2 of Article 3 of the Constitution of the United States, U.S.C.A.Const. art. 3, §§ 1, 2. Neither can it be held, with reason, that this court has jurisdiction of the case at bar unless it appears upon the face of the record that the controversy is "between citizens of different states". So far as it is material here the words of the Constitution of the United States are as follows: "1. The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. * * *;" and, "2. The judicial Power shall extend to all Cases, in Law and Equity, arising * * * between citizens of different States, * * *." Article 3, Constitution of the United States. This language is plain, simple, direct and unambiguous. It does not require construction. It construes itself, Great Northern Utilities Co. v. Public Service Commission, 88 Mont. 180, 206, 293 P. 294; or as otherwise stated the intention of any legislation must be inferred in the first place from the plain meaning of the words used. If this interpretation can be so arrived at, the courts may not go further and apply other means of interpretation; there is no rule of construction to justify the disregard of the plain mandate of the law. Murray Hospital v. Angrove, 92 Mont. 101, 118, 10 P.2d 577. See also

Chmielewska v. Butte & Superior Mining Co., 81. Mont. 36, 42, 43, 261 P. 616; State Ex rel. Mineral County v. State Highway Commission, 82 Mont. 63, 71, 72, 265 P. 1; Gibbons v. Ogden, 9 Wheat. 1, 188, 22 U.S. 1, 188, 6 L.Ed. 23, there Mr. Chief Justice Marshall speaking for the court pertinently observed: "As men, whose intentions require no concealment, generally employ the words which most directly and aptly express the ideas they intend to convey the enlightened patriots who framed our constitution, and the people who adopted it, must be understood to have employed words in their natural sense, and to have intended what they have said"; Lake County v. Rollins, 130 U.S. 662, 670, 9 S.Ct. 651, 652, 32 L.Ed. 1060 there the court stated the rule as follows: "To get at the thought or meaning expressed in a statute, a contract, or a constitution, the first resort, in all cases, is to the natural signification of the words, in the order of grammatical arrangement in which the framers of the instrument have placed them. If the words convey a definite meaning, which involves no absurdity, nor any contradiction of other parts of the instrument, then that meaning, apparent on the face of the instrument, must be accepted, and neither the courts nor the legislature have the right to add to it or take from it. * * * So, also, where a law is expressed in plain and unambiguous terms, whether those terms are general or limited, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction"; Hodges v. U. S., 203 U. S. 1, 17, 27 S.Ct. 6, 8, 51 L.Ed. 65, where in determining the meaning and effect of certain amendments to the Constitution of the Untied States the court said: "And in interpreting the scope of that Amendment [the Thirteenth Amendment,. U.S.C. A.Const. Amend. 13] it is well to bear in mind the words of Mr. Chief Justice Marshall in Gibbons v. Ogden, 9 Wheat. 1, 188, 6 L.Ed. 23, 68, which, though spoken more than four score years ago, are still the rule of construction of constitutional provisions: 'As men whose intentions require no concealment generally employ the words which most directly and aptly express the ideas they intend to convey, the enlightened patriots who framed our Constitution, and the people who adopted it, must be understood to have employed words in their natural sense, and to have intended what they have said.' * * * "; and Cuba Railroad Co. v. Edwards, 268 U.S. 628, 631, 45 S.Ct. 614, 615, 69 L.Ed. 1124.

The statute conferring jurisdiction upon this court in suits of a civil nature conforms strictly to the wording of the Constitution of the United States. So far as it is material here the statute referred to is as follows: "The district courts shall have original jurisdiction as follows: (1) * * Of all suits of a civil nature, at common law or in equity, * * * ; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, * * *." Judicial Code, Sec. 24(1), as amended, Sec. 41(1) T. 28, U.S.C., 28 U.S.C.A. § 41(1); and, it must be borne in mind that no suit can properly be removed from a state court to this court unless it is one "of which the district courts of the United States are given jurisdiction", Judicial Code, Sec. 28, as amended, Sec. 71, T. 28, U.S.C., 28 U.S. C.A. § 71, and also that it is expressly provided by statute "If in any suit * * removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been * * * removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, * * * the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, * * *". Judicial Code, Sec. 37, Sec. 80, T. 28, U.S. C., 28 U.S.C.A. § 80.

After carefully considering the facts appearing on the face of the record in the insant case in the light of the constitutional and statutory provisions referred to and the authorities cited above, I am unable to comprehend any legal theory on which it may be said.properly that the controversy here is "between citizens of different states" merely because of the fact that a resident of the State of Montana who has been joined as a party defendant as permitted by law has not been served with process or voluntarily appeared herein. If the Constitutional Fathers or the Congress had wished to include within the jurisdiction of the courts of the United States cases of the

kind presented here they would, no doubt, have expressed that intention in apt words. This they did not do and I do not feel competent to write into the Constitution of the United States or a federal statute words that are not there.

As I see it the true rule is that a resident defendant in a non-separable controversy anchors the case in the state court; and, the non-resident defendant may not remove the suit to a federal court merely because the resident defendant has not been served with process nor voluntarily appeared in the action. Grosso v. Butte Electric R. Co. et al., D.C., 217 F. 422; Del Fungo Giera v. Rockland Light & Power Co. et al., D.C., 46 F.2d 552, 554; Armstrong v. Kansas City Southern R. Co. et al., C.C., 192 F 608, 615; Patchin v. Hunter, C.C., 38 F. 51, 52, 53.

When analyzed it appears that none of the cases cited by the defendant Safeway Stores, Inc., supports its contention or can reasonably be held to justify a removal of this case from the state court to this court. The cases upon which the defendant Safeway Stores, Inc., places its reliance are: Carlisle et al. v. Sunset Tel. & Tel. Co. et al., C.C.,D.Wash., 116 F. 896; Galehouse v. Baltimore & O. R. Co., et al., D.C.,N.D. Ohio, 274 F. 370; Community Bldg Co. v. Maryland Casualty Co., 9 Cir., 8 F.2d 678; Hunt v. Pearce, 8 Cir., 284 F.321; and, Walker v. Richards, C.C.,D.Minn., 55 F. 129.

The decision in Carlisle et al. v. Sunset Tel. § Tel. Co., C.C., 116 F. 896, is based upon two elements: (1) That no action had been commenced against any defendant other than the Sunset Telephone & Telegraph Co. at the time defendant's petition for removal of the suit from the state to the federal court was filed and granted; and (2) "In its petition the telephone company alleges as grounds for the removal that the action involves a controversy between citizens of different states; that the plaintiffs are citizens of the state of Washington; that the defendant is a corporation organized under the laws of the state of California, a citizen of California, and not an inhabitant of the state of Washington; that it is the only real defendant in the action; that the defendants Flynn, Doe, and Roe are named in the complaint as defendants for the mere purpose of defeating the right of the petitioner to remove the case into this court; that the said defendants were not served with process requiring them to answer the complaint; and that the plaintiffs have no intention to prosecute the case in good faith against either of them" [page 897] which, being uncontroverted and no issue having been joined thereon must be taken to be true.

In commenting upon these elements and in stating reasons for his denial of the motion to remand, Judge Hanford said: "Now, taking the uncontroverted statements of the petition to be true, the facts are that the telephone company is the only party defendant; the controversy is solely between the telephone company and the plaintiffs; Mr. Flynn and the others, to whom fictitious names are applied, have not been made parties to the litigation; the plaintiffs have no intention to press the case against them, and they were named in the complaint as defendants as a mere pretense to defeat the right of the telephone company to remove the same into this court. My reason for saying that Flynn, Doe, and Roe have not been brought in as parties to the case is that under the Code of this state a civil action is commenced by service of a summons or by filing a complaint with the clerk of the court. No complaint has been filed except a copy of the complaint served upon the telephone company, which was filed in this court by its attorney, and the summons has not been served upon the individuals named. At the time the removal papers were filed in the state court the telephone company was the only defendant against whom an action had been commenced, and the jurisdiction of this court has attached by reason of the fact that the only parties are citizens of the state of Washington on the one side and a citizen of the state of California on the opposite side, and the defendant, being a nonresident of this state, has invoked the jurisdiction of this court in the manner prescribed by act of congress". Pages 897, 898.

What is said there has no bearing on the matter presented for decision in the case at bar. In Montana it is written: "An action is commenced * * * when the complaint is filed." Sec. 9047, Rev.Codes Mont.1935. See Revised Statutes, § 914, Section 724, T. 28, U.S.C., 28 U.S.C.A. § 724.

In Galehouse v. Baltimore & O. R. Co., 274 F. 370, the complaints "name therein as defendants, in addition to the railroad company, six persons by the name of Doe whose true names are unknown, but are

said to be the members of the train crew in charge of the train which collided with an automobile in which plaintiff's decedents were riding, at a public crossing. This collision, it is said, was due to the negligent operation of the train by these several members of its crew. Summons was taken out against all the defendants thus named, but was served only on the railroad company." However, this is not the point upon which the decision turns. It is grounded upon the fact that the controversy between the plaintiff and the defendant railroad company is separable from that between the plaintiff and the members of the crew. In that connection the court stated the rule to be as follows:

"In Ohio it is settled law that a joint action cannot be maintained against master and servant in any case where the master's liability for the wrongful and negligent act of the servant arises solely and only from the legal relationship existing between them under the rule of respondeat superior, and not by reason or because of the master's personal participation in such wrongful or negligent act * * *.

"Upon the facts stated in the two petitions, these cases fall within this rule, and the state rule is controlling in this court as to the right of removal. If under the state law a joint action cannot be maintained against the master and servant, the controversy, when both are joined, is a separable one which may be removed * * *." Page 371.

In Montana the rule is that the master and servant may be joined as parties defendant in a tort action. Cases cited above.

In Walker v. Richards et al., C.C., 55 F. 129, suit was commenced in a state court to determine adverse claims to land and pursuant to statute in Minnesota all unknown as well as certain known persons were made defendants. On petition of all of the named defendants the suit was removed from the state to the federal court. Plaintiffs moved to remand upon the ground, among others, "First. Because all the defendants in said action did not join in the petition or application for removal from the state court, and no separable controversy is alleged or claimed between plaintiffs and the defendants who petitioned for removal * * *."

During the course of its opinion the court said: "The first reason assigned is not tenable. The defendants in court by name, served with process, were not required to delay the application for a removal of the suit until persons unknown, who might claim some right, title, estate, or interest in the controversy, were served. Such delay would have proven fatal to the right given them by the statute. The right of removal is given to known defendants, —such as are made defendants by name, and served with process, or voluntarily appear. The two petitioners are all the known defendants to the controversy at the time the petition for removal of the suit was filed. A party defendant to an action, within the meaning of the removal act, is one who is named as such, and appears in the record as a defendant at the time the right of a removal exists". Pages 129 & 130.

This case does not support the contention of the defendant Safeway Stores, Inc. In the instant case though the defendant's servant is designated as "John Doe" as permitted by statute in Montana, Sec. 9190, Rev.Codes Mont.1935, it cannot reasonably be thought that he did not appear in the record as a defendant at the time this suit was removed from the state court to this court.

The defendant Safeway Stores, Inc., relies heavily upon the decision of the Circuit Court of Appeals, Ninth Circuit, in Community Bldg. Co. v. Maryland Casualty Co., 8 F.2d 678. There the court said: "Error is assigned to the denial of the motion of the plaintiff in error to remand the case to the state court. The ground of the motion was that the contractor, who was a citizen of the state of California, and who had not appeared or been served with summons, did not join in the petition for removal. He was a necessary party defendant under the terms of the bond. While there are some early decisions and expressions in the text-books to the effect that all the defendants, whether or not they have been served and brought within the jurisdiction of the court, must join in the petition for removal, the weight of authority, and we think the better reasoning, sustains the rule that defendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings, and that the defendants who have been summoned must of necessity be allowed to exercise their right of removal. 11 Ann. Cas. 963; 23 R.C.L. 732; Tremper v. Schwabacher (C.C.) 84 F. 413; Bowles v. H. J. Heinz Co. (C.C.) 188 F. 937; Hunt v. Pearce (D.C.) 271 F. 498, affirmed on

appeal Hunt v. Pearce (C.C.A.) 284 F. 321".

I have carefully read and considered the decision in that case and the cases cited in support of the conclusion there reached. It appears to me that none of these cases can be considered as supporting the contention of the defendant Safeway Stores, Inc., in the instant case. Though no definite statement is made in the case last cited concerning the citizenship of the party plaintiff or the defendant Maryland Casualty Company, it is said "The ground of the motion [to remand] was that the contractor, who was a citizen of the state of California, and who had not appeared or been served with summons, did not join in the petition for removal", 8 F.2d 678; and it may be fairly assumed that the parties plaintiff and defendant in that case were citizens of different states.

In Tremper v. Schwabacher, C.C., 84 F. 413, it is made to appear definitely that at the time the complaint and the petition for removal from a state to the federal court were filed and granted, the plaintiff, "individually, and in his capacity as receiver, was a resident and citizen of Seattle, in the county of King, in the state of Washington; that the petitioner was a resident and citizen of the state of California, residing in San Francisco; and that the other defendants were each residents and citizens of the city of San Francisco, in the state of California". 84 F. 414.

In Bowles v. H. J. Heinz Co., C.C., 188 F. 937, it is said: "Plaintiff is a resident of New York, defendants are residents of Pittsburgh, Pa., and nonresidents here".

In Hunt v. Pearce, D.C., 271 F. 498, affirmed on appeal Hunt v. Pearce, 8 Cir., 284 F. 321, the Court used these words [page 322]: "The action had been commenced in the state court by the plaintiff, a resident and citizen of Oklahoma, against T. Pearce and Mary E. Pearce, citizens and residents of Arkansas, by filing a complaint in that court".

It is obvious that where as in the cases just referred to, the parties plaintiffs and defendants are "citizens of different states", it is within the competence of Congress to confer jurisdiction upon federal courts. Secs. 1 and 2, Article 3, Constitution of the United States, U.S.C.A.Const. art. 3, §§ 1, 2.

In those cases the question was not, has Congress the power, within the Constitution, to confer jurisdiction of the particular case upon the trial court? It was, where it is within the competency of Congress to confer jurisdiction of the particular case upon the federal court and it has done so, should that court refuse jurisdiction upon the ground that a nonresident defendant who has not been brought within the jurisdiction of the state court fails to join in the petition for removal?

In the instant case the question is, has Congress the power, within the Constitution, to confer jurisdiction of a joint action of tort, between individuals, upon a federal court where it does not appear upon the face of the record and is not shown that the parties plaintiff and defendant are citizens of different states?

The proper answer to these questions requires the application of entirely different legal principles.

In this connection it is interesting to note that where the parties plaintiff and defendant are citizens of different states, the right of the party defendant who has not been brought within the jurisdiction of the state court before the suit was removed from that court to the federal court upon a petition in which he does not join will be carefully protected and that the federal court will not retain jurisdiction against his expressed will.

In Hunt v. Pearce, 8 Cir., 284 F. 321, 325, cited by the defendant Safeway Stores, Inc., it is said: "The question here is not, did Mary E. Pearce have the right of removal? It is, did the defendant T. Pearce have that right, and was the cause lawfully removed and brought within the exclusive jurisdiction of the federal court on his petition and bond? And, for the reasons already stated, both these questions must be answered in the affirmative. Nor would these conclusions have deprived the defendant Mary E. Pearce of her right to exercise her option to remove or to refuse so to remove this action. She could have maintained a motion to remand this case within the time allowed her by law to move for a removal after the service upon her of process, or after her general appearance in the action. But until and unless she so moved the federal court would have had, as it now has, plenary jurisdiction of this action and of the property attached in it, and it must proceed to the adjudication of the issues and the disposition of the property involved in it."

After careful consideration I am of the opinion that the decision of this court

in Grosso v. Butte Electric R. Co., D.C., 217 F. 422, 423, is of controlling force under the conditions appearing upon the face of the record in the case at bar and the removal of this suit from the state court to this court was not warranted.

The motion to remand is granted.

Costs to plaintiff.